## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH AND SUELLEN AGOSTINI, | : | |
| Individually and as Co-Executors of the Estate of | : | |
| JORDYN AGOSTINI, Deceased, | : | |
| | : | |
| and | : | |
| | : | |
| DOUGLAS AND SHARON HENEGAR, | : | |
| Individually and as Administrators of the Estates of | : | Case No. 2:11-cv-07172-MAM |
| KYLE and KRISTOPHER | : | |
| HENEGAR, Deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PIPER AIRCRAFT CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |

_____

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2012, this matter came before this Court through the Plaintiffs' Motion to Remand for Lack of Federal Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1447(c) and request for costs and attorneys fees associated with the removal.  Upon consideration of the motion and all responses thereto, the Court GRANTS Plaintiffs' motion.

This case is remanded back to the Philadelphia Court of Common Pleas for lack of subject matter jurisdiction in this Court.

The Plaintiffs motion for costs and attorneys fees is GRANTED and they may submit a bill for such costs and fees which shall be paid by the removing defendants.

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.
U.S. District Court Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH AND SUELLEN AGOSTINI,  :
Individually and as Co-Executors of the Estate of :
JORDYN AGOSTINI, Deceased,  :
            :
  and         :
            :
DOUGLAS AND SHARON HENEGAR,  :
Individually and as Administrators of the Estates of :  Case No. 2:11-cv-07172-MAM
KYLE and KRISTOPHER   :
HENEGAR, Deceased,    :
            :
      Plaintiffs,  :
            :
    v.      :
            :
PIPER AIRCRAFT CORPORATION, et al. :
            :
      Defendants.  :
_____

## PLAINTIFFS' MOTION TO REMAND FOR LACK OF
## FEDERAL SUBJECT MATER JURISDICTION

Plaintiffs Joseph Agostini, Suellen Agostini, Sharon Henegar and Douglas Henegar respectfully submit the following Motion to Remand for Lack of Federal Subject Matter Jurisdiction[1]. Plaintiffs seek remand of this action to the Pennsylvania Court of Common Pleas of Philadelphia County, pursuant to 28 U.S.C. § 1447(c), for lack of removal jurisdiction and failure to meet the requirements of 28 U.S.C. § 1441(b).

As set for the fully in the attached Memorandum of Law, which is incorporated herein by reference, remand is appropriate as Lycoming Engines maintains its principal place of business

---

[1] Defendant AvStar Fuel Systems filed a Suggestion of Bankruptcy (Dkt. No. 30). A filing of a Suggestion of Bankruptcy does not deprive this court of the ability to hear a Motion for Remand. Price v. Chrysler LLC, No. 4:09CV0232 ERW (E.D. Missouri July 23, 2009); see Schaffer v. Atlantic Broadcasting of Lindwood NJ LLC, Civil No. 10-5449 (RBK/KMW) (D. N.J. May 17, 2011).

at its headquarters at 652 Oliver Street, Williamsport, Pennsylvania 17701.  (See Exhibits 1 through 36) (Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010). Decisions made concerning the manufacture, sale, marketing, distribution, continuing airworthiness, or otherwise related to the Lycoming engines are made in Pennsylvania.  (Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010) (Aff. of Everhart at Ex. 2)).

For 364 days, 23 hours, 40 minutes out of the year, Avco is located in Pennsylvania, except for 20 minutes out of the entire year a board of directors appeared in Wilmington, Massachusetts.  (Ex. 4, Meeting Minutes attached to Affidavit of Ann Willaman, Case No. 2:11-cv-06475).  Avco has no office in Massachusetts (or at any location), has no phone number, no website, and has absolutely no operations apart from its Lycoming Engines Division, which it has admitted is headquartered in Williamsport, Pennsylvania.  Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010).  Other than the "status" of being an owner of an interest in other separate corporations, the only thing Avco does is manufacture piston engines at Lycoming.  However, by law these subsidiaries must have a separate legal existence and there cannot be an improper intermingling of the parent and subsidiary corporation businesses.

The Textron defendants continue the façade that Avco has a realistic presence in the business community outside of Lycoming.  This is the quintessential manipulation of residence disavowed by Hertz and its progeny since 2010.  Hertz v. Friend, 130 S.Ct. 1181, 1192 (2010). A 20 minute board meeting out of the entire year does not confer citizenship.

When assessing the claims of federal diversity jurisdiction by Textron Inc., the U.S. Supreme Court mandates the following be kept at the forefront of the analysis:  The headquarters

of a corporation is the **actual** center of direction, control, and coordination," and **not "simply an office where the corporation holds its board meetings** (for example, attended by directors and officers who have traveled there for the occasion)." Id. (emphasis added). If "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat," this would reveal "attempts at manipulation." Brewer v. SmithKline Beacham Corp., 774 F.Supp.2d 720, 725-726 (E.D. Pa. 2011) (citing Hertz, 130 S.Ct. at 1192). Plaintiffs respectfully submit that this case is exactly what the Justices of the U.S. Supreme Court instructed the courts to be on the lookout for.

This Honorable Court was correct in the Stewart v. Precision Airmotive Corp. case where it determined that Lycoming's business existence was in Pennsylvania and Pennsylvania alone. Stewart v. Precision Airmotive Corp., No. 07-1610, 2007 WL 2892686 (E.D. Pa. Oct. 3, 2007) (Ex. 3). Now, just as in 2007, there is no basis for the assertion that diversity jurisdiction exists in this matter.

Therefore, Plaintiffs respectfully request that this Honorable Court remand this action to the Court of Common Pleas for the award of fees and costs.

Respectfully submitted,

THE WOLK LAW FIRM

*/s/ Michael S. Miska*
MICHAEL S. MISKA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH AND SUELLEN AGOSTINI, | : | |
| Individually and as Co-Executors of the Estate of | : | |
| JORDYN AGOSTINI, Deceased, | : | |
| | : | |
| and | : | |
| | : | |
| DOUGLAS AND SHARON HENEGAR, | : | |
| Individually and as Administrators of the Estates of | : | Case No. 2:11-cv-07172-MAM |
| KYLE and KRISTOPHER | : | |
| HENEGAR, Deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PIPER AIRCRAFT CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND FOR LACK
OF FEDERAL SUBJECT MATTER JURISDICITON**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

MEMORANDUM OF LAW ................................................................................................... 1

I.   Statement of Facts Supporting Remand .................................................................. 3

    A.   The Lycoming and Avco Defendants' Principal Place of Business is in
    Williamsport, Pennsylvania ......................................................................... 4

    B.   Lycoming's Plant and Activities .................................................................. 5

    C.   Avco Corporation's Activities ..................................................................... 9

II.   Legal Argument in Support of Remand .................................................................. 12

    A.   Standard for Removal .................................................................................. 12

    B.   Standard for Determining Principal Place of Business .............................. 13

    C.   Avco's Headquarters and "Nerve Center" is Williamsport, PA ................ 14

        1.   This Court Has Previously Found that Avco is "headquartered" in
        Pennsylvania and Thereby is a Citizen of Pennsylvania ............... 16

        2.   Other Decisions of This Court Post-*Hertz* Support a Finding That
        Avco's Headquarters is in Pennsylvania ....................................... 17

    D.   Plaintiffs are Entitled to Fees and Costs for Textron's Improper
    Removal ....................................................................................................... 19

    E.   Jurisdictional Discovery is Warranted if the Court Believes the Record
    Does Not Support Remand .......................................................................... 20

III.   Conclusion ............................................................................................................. 21

# TABLE OF AUTHORITIES

## Cases

Avco Corp. v. Aetna Cas. & Surety Co.,
     679 A.2d 323 n.3 (R.I. 1996) ............................................................................ 12

Avco Corp. v. Progressive Steel Treating, Inc.,
     No. 05-4363, 2005 WL 2483379 (N.D. Ill. Oct. 6, 2005) ............................... 12

Brewer v. SmithKline Beacham Corp.,
     774 F.Supp.2d 720 (E.D. Pa. 2011) ......................................................... *passim*

Brooker v. Textron, Inc., No. Civ.A.,
     02-2651, 2002 WL 32341770 (E.D. Pa. Nov. 20, 2002) ................................. 12

Evernu Technology v. Rohm and Haas,
     2010 WL 3419892 (E.D.Pa.) ........................................................................... 19

Franchise Tax Board of the Est. of California v. Construction Laborers Vacation Trust for S.
     California,
     463 U.S. 1, 103 S.Ct. 2841 (1983) ................................................. 13, 15, 18, 20

Gross v. Deberardinis,
     722 F. Supp. 2d 532 (D. Del. 2010) ................................................................ 12

Hertz v. Friend,
     130 S.Ct. 1181 (2010) ................................................................... 2, 14, 17, 18

In re Briscoe,
     448 F. 3d 201 (3d Cir. 2006) ........................................................................... 13

Martin v. Franklin Capital Corp.,
     546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ............................... 19, 20

McManus v. Glassman's Wynnefield, Inc.,
     710 F.Supp. 1043 (E.D. Pa. 1989) .................................................................. 13

Monroe v. Smithkline Beecham Corp.,
     No. 10-cv-02140, 2010 WL 2606682 (E.D. Pa. June 25, 2010) ...................... 18

Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.,
     461 F.2d 1140 (3d Cir.1972) ........................................................................... 14

S & T Bank v. Safeco Ins. Co. of Am., CIV.A.,
    07-01324, 2008 WL 728646 (W.D. Pa. Mar. 17, 2008) .................................................. 13

Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.,
    809 F.2d 1006 (3d Cir.1987)...................................................................................... 12, 13

Stewart v. Precision Airmotive Corp.,
    No. 07-1610, 2007 WL 2892686 (E.D. Pa. Oct. 3, 2007) ..................................... 2, 12, 16

Syngenta Crop Protection, Inc. v. Henson,
    537 U.S. 28, 123 S.Ct. 366 (2002) ............................................................................. 13, 20

Valencia v. Lee,
    316 F.3d 299 (2d Cir. 2003).............................................................................................. 13

Wooton v. Pumpkin Air., Inc.,
    869 F.2d 848 (5th Cir. 1989) ........................................................................................... 12

**Statutes**

28 U.S.C. § 1332(c)(1)............................................................................................................ 14

28 U.S.C. § 1441(b) .......................................................................................................... 12, 16

28 U.S.C. § 1447(c) .............................................................................................. 13, 19, 20, 21

28 U.S.C. §1441(a) ................................................................................................................. 12

Plaintiffs respectfully request this Honorable Court to remand this action because there is no federal jurisdiction over this action, given the lack of diversity due to the presence of Pennsylvania Plaintiffs and Defendant, Avco Corporation ("Avco") whose principal place of business is maintained at its Lycoming Engines division ("Lycoming") located in Williamsport, Pennsylvania[1].  Lycoming Engines maintains its principal place of business at its headquarters at 652 Oliver Street, Williamsport, Pennsylvania 17701.  (Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010) (Compl. at Ex. 1)).  Decisions made concerning the manufacture, sale, marketing, distribution, continuing airworthiness, or otherwise related to the Lycoming engines are made in Pennsylvania.  (Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010) (Aff. of Everhart at Ex. 2)).

For 364 days, 23 hours, 40 minutes out of the year, Avco is located in Pennsylvania, except for 20 minutes out of the entire year a board of directors appeared in Wilmington, Massachusetts.  (Ex. 4, Meeting Minutes attached to Affidavit of Ann Willaman, Case No. 2:11-cv-06475).  Avco has no office in Massachusetts (or at any location), has no phone number, no website, and has absolutely no operations apart from its Lycoming Engines Division, which it has admitted is headquartered in Williamsport, Pennsylvania.  Avco Corp. v. Marvel-Schebler Aircraft Carburetors LLC, 4:10-cv-02026-JEJ (M.D. Pa. 2010).  Other than the "status" of being an owner of an interest in other separate corporations, the only thing Avco does is manufacture piston engines at Lycoming.  However, by law these subsidiaries must have a separate legal

---

[1] Defendant AvStar Fuel Systems filed a Suggestion of Bankruptcy (Dkt. No. 30).  A filing of a Suggestion of Bankruptcy does not deprive this court of the ability to hear a Motion for Remand. Price v. Chrysler LLC, No. 4:09CV0232 ERW (E.D. Missouri July 23, 2009); see Schaffer v. Atlantic Broadcasting of Lindwood NJ LLC, Civil No. 10-5449 (RBK/KMW) (D. N.J. May 17, 2011).

existence and there cannot be an improper intermingling of the parent and subsidiary corporation businesses.

The Textron defendants continue the façade that Avco has a realistic presence in the business community outside of Lycoming.  This is the quintessential manipulation of residence disavowed by Hertz and its progeny since 2010.  Hertz v. Friend, 130 S.Ct. 1181, 1192 (2010).  A 20 minute board meeting out of the entire year does not confer citizenship.

When assessing the claims of federal diversity jurisdiction by Textron Inc., the U.S. Supreme Court mandates the following be kept at the forefront of the analysis:  The headquarters of a corporation is the **actual** center of direction, control, and coordination," and **not "simply an office where the corporation holds its board meetings** (for example, attended by directors and officers who have traveled there for the occasion)."  Id. (emphasis added).  If "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat," this would reveal "attempts at manipulation."  Brewer v. SmithKline Beacham Corp., 774 F.Supp.2d 720, 725-726 (E.D. Pa. 2011) (citing Hertz, 130 S.Ct. at 1192).  Plaintiffs respectfully submit that this case is exactly what the Justices of the U.S. Supreme Court instructed the courts to be on the lookout for.

This Honorable Court was correct in the Stewart v. Precision Airmotive Corp. case where it determined that Lycoming's business existence was in Pennsylvania and Pennsylvania alone.  Stewart v. Precision Airmotive Corp., No. 07-1610, 2007 WL 2892686 (E.D. Pa. Oct. 3, 2007) (Ex. 3).  Now, just as in 2007, there is no basis for the assertion that diversity jurisdiction exists in this matter.

Due to the lack of subject matter jurisdiction, Plaintiffs respectfully request that this Honorable Court remand this matter to the Court of Common Pleas of Philadelphia and asses costs and fees against the removing parties.

## I.    STATEMENT OF THE FACTS SUPPORTING REMAND

This lawsuit arises from the crash of a Piper PA-44-180 Seminole aircraft, on November 11, 2010 in Palm Beach, Florida.  (Compl., Ex. 5, at ¶¶34-39).  The accident aircraft was equipped with two Lycoming O-360 engines, both equipped with HA-6 carburetors.  (Ex. 5 at ¶23).  Immediately after takeoff, the aircraft lost its left engine, which the certified flight instructor told to the control tower of Palm Beach International Airport.  (Ex. 5, ¶37).  Following this engine loss, the pilot and flight instructor attempted to land the aircraft, however, it crashed on the taxiways between runways 10R and 10L at Palm Beach, burst into flames, and resulted in death of the four young occupants.  (Ex. 5 at ¶¶39-41).  The accident aircraft was manufactured in 2008, as were the engines on the aircraft, which have a known propensity for in-flight failure. (Ex. 5 at ¶25-27).  The accident engines were manufactured by Lycoming in Williamsport, Pennsylvania.

Plaintiffs' Complaint establishes the Agostini Plaintiffs and the Lycoming Defendants are Pennsylvania residents.  The Complaint alleges the following in regard to Avco Corporation and Lycoming:

> 7.    Defendants Lycoming a/k/a Lycoming Engines a/k/a Textron Lycoming Reciprocating Engine Division ("Lycoming"), AVCO Corporation, and Textron, Inc. are inter-related entities.  Defendant Lycoming maintains its principal place of business at 652 Oliver Street, Williamsport, Pennsylvania 17701.  Lycoming is in the business of designing, manufacturing, and selling aircraft piston engines and is an unincorporated division of Defendant AVCO Corporation.

> 8.    Defendant AVCO Corporation ("AVCO") is a corporation organized and existing under the laws of the State of Delaware, is registered as a foreign corporation in Pennsylvania, with its principal place of business at 652 Oliver

Street, Williamsport, Pennsylvania 17701.  Upon information and belief, AVCO conducts virtually no business outside its Lycoming business in Pennsylvania and its principal place of business is therefore in Pennsylvania.

(Ex. 5 at ¶¶7-8).   Textron has offered no support for denying Paragraph 8 of Plaintiffs' Complaint which states Avco Corporation's principal place of business is in Pennsylvania, and that it is really in Massachusetts.

On November 16, 2011, defendant Textron, Inc. filed a Notice of Removal based on the purported existence of diversity citizenship because, *they claim*, Avco's principal place of business is in Massachusetts, not Williamsport, Pennsylvania, as alleged in Plaintiffs' Complaint. (Ex. 5, ¶8).  Textron offers no support for this assertion.

As discussed below, this removal is improper as this Court lacks subject matter jurisdiction over this matter, because Avco is not a citizen of Massachusetts; rather Avco is a citizen of Pennsylvania as its only operations are through its Lycoming Engines division.

## A.   The Lycoming and Avco Defendants' Principal Place of Business Is In Williamsport, Pennsylvania

Although Textron claims Lycoming Engines is a mere "operating division" of Avco and has no separate legal identity, the facts show that Avco's business only consists of Lycoming Engines and nothing else.  Lycoming Engines is headquartered in Williamsport, Pennsylvania, and has been manufacturing aviation engines from that location since 1929.  (Ex. 6, Lycoming, Our History).

Today, Avco has no real operations except for Lycoming Engines.  Avco is organized under the laws of the state of Delaware, and is a wholly owned subsidiary of Textron of Rhode Island.  (Ex. 7, Delaware Corporate Information; Dkt. No. 1, at ¶8).  The principal place of business of Avco is Pennsylvania, though Avco changes this depending on the nature of legal proceedings it is involved with.  In defendant Textron's Notice of Removal, it has alleged that

Avco's principal place of business is Massachusetts, despite the clear evidence that a) Avco is merely consist of a Secretary, and the remainder of its officers are actually part of Textron; b) numerous courts have held its principal place of business to be Williamsport, Pennsylvania; and c) in nearly every other instance where Avco has attempted to create diversity jurisdiction, it has argued that Rhode Island **not Massachusetts** is its principal place of business.

Avco Corporation claims that only its Lycoming "division" that is located in Williamsport, Pennsylvania.  However, the word "division" when used to describe Avco's piston engine division in Pennsylvania is a misnomer, because it implies that all of Avco's business activities have been divided up and the business activities it calls "Lycoming" are but one of several segments of its total business.  In reality, Lycoming is the *only* "division" of Avco. Moreover, the evidence shows that the only control and operational activities of Avco are conducted under the name "Lycoming" in Pennsylvania.  In other words, **Lycoming is Avco and is virtually the entire, if not the entire, Avco business.**

### B.    Lycoming's Plant and Activities

The address for Lycoming is 652 Oliver Street, Williamsport, Pennsylvania.   The property records reflect that there are a multitude of buildings at this address owned by an entity named Textron Lycoming Williamsport.  (Ex. 8).  Avco Corporation is listed as owning two other parcel's of real property on Oliver Street in Williamsport, but with a mailing address of 652 Oliver Street.  (Ex. 9).  In fact, the property records for 652 Oliver St reflect that there is approximately $11,773,922 worth of buildings on the land.  (Ex. 10 at 6).   Figure 1 is an aerial photo of Lycoming's Williamsport, PA plant.  Figure 2 depicts the signage at this location.



Figure 1: Lycoming's Williamsport, PA Location



Figure 2:  Lycoming's Plant in Williamsport, PA

Avco conducts its only business activity at its Lycoming piston engine plant, which it owns in Williamsport, Pennsylvania whether using its own name or calling its activities "Lycoming."   Avco Lycoming is top Lycoming County, Pennsylvania employer.   (Ex. 11). Indeed, Lycoming employs approximately 490 people in Pennsylvania.  (Id.).  This number is down from the near 700 Lycoming employed in 2007 (Ex. 12).  It is likely that, by far, the vast majority of people that are officially on Avco's payroll, including through its Lycoming "division", are employed at its Pennsylvania facilities.

At this location, all of the control, decisions and activities which Lycoming engages in are directed and performed.  The direction, control and coordination performed at this location direct the following:

a.    Design of piston engines.  For example, the attached Type Certificate Data Sheet for the accident model engine reflects that "Lycoming Engines, An Operating Division of Avco Corporation" holds the type certificate, at a Williamsport, PA address.  (Ex. 13);

b.    Manufacture of engines and engine components is all performed at Lycoming's Williamsport, PA location (See Ex. 14, Lycoming Article discussing press coverage of engine manufacture at Williamsport, PA plant);

c.    Shipping of Lycoming's products;

d.    Communications with the FAA take place from Williamsport, PA.  For instance, all correspondence for Freedom of Information Act ("FOIA") requests directed at Lycoming are sent to Williamsport, PA (Ex. 15).

e.    Serving as a liaison with the FAA;

f.      Overhaul of piston engines (Ex. 16);

g.      Repair of engines (Ex. 17, sale of parts for repair);

h.      Issuance of Service Bulletins. An example service bulletin is attached at Exhibit 18. Additionally, Lycoming publishes a list of its publications, including service bulletins, Operator's Manuals; Maintenance and Overhaul Manuals; Parts Catalogs (PC); Electronic Media (CD's and DVD's); Special Service Publications; Engine Specifications, and Installation Drawings in Service Letter L114AT, all from Williamsport, PA. (Ex. 19);

i.      Issuance of Airworthiness Directives (Ex. 20);

j.      Publication of Maintenance Instructions (Ex. 21, Overhaul Manual Coverpage);

k.      Publication of Operators Manuals (See Ex. 19);

l.      Litigation decisions (See Ex. 15, Letter from Lycoming's General Counsel);

m.      Changes in engine design. All changes take place from Williamsport, PA such as those reflected on Type Certificate Data Sheets (Ex. 13), and Lycoming's press release about newly developed engines (Ex. 22, discussing development of the IO-390 Series Engine).

n.      Changes in engine production (Ex. 23, Press Release discussing new production method);

o.      Engine Testing (Ex. 24, SCRT Report);

p.      Financing;

q.   Payment for parts;

r.   Accounting.   In the deposition of Ms. Willaman, assistant secretary of Avco, she testified that "Lycoming manages its own financial books and records . . ." (Ex. 25, Deposition of Willaman at 68:19-20);

s.   Payroll; and

t.   Procurement of Patents.   Of the last ten patents granted and assigned to Avco, all were to "Lycoming Engines, a Division of Avco Corporation, Williamsport, PA," and the prior five were to Lycoming as "Textron Lycoming" (Ex. 26).

In addition to the direction and control of the above Lycoming activities taking place out of the Williamsport, PA location, the management and employees of Lycoming are also based in Pennsylvania.   For instance, Michael Kraft, now the Senior Vice President and General Manager of Lycoming Engines, owns a house near Williamsport and is based at Lycoming's Pennsylvania facility.   (Ex. 27).   The other sales managers of Lycoming are almost exclusively located in Williamsport, Pennsylvania, and not Massachusetts.   (Ex. 28).   In sum, Lycoming's operations are wholly based in Pennsylvania.

### C.   Avco Corporation's Activities

Avco Corporation has no office bearing a physical address.   (Ex. 25, Deposition of Ann. Willaman, 65:23-66:1).   In fact, when asked whether there is a physical office dedicated "solely" to Avco Corporation, Ms. Willaman, the Assistant Secretary of Avco (Ex. X, 11:24-12:2), responded that "there is no bricks and mortar office of Avco Corporation."   (Ex. 25, 67:19-20). There was no bricks and mortar office of Avco Corporation at the time of Ms. Willaman's deposition, and nor is there any bricks and mortar location for Avco now.

Ms. Willaman testified that "the business of Avco Corporation includes the manufacture, design, manufacture [sic] and sale of piston engine aircraft.  Avco Corporation is also the parent of a number of wholly owned subsidiaries that manufacture a variety of products."  (Ex. 25, 67:21-68:2).    Additionally, Ms. Willaman testified that Mr. Kraft, the general manager of Lycoming, is also a vice-president of Avco who oversees the "day-today responsibility for that operation," and is physically located at Lycoming's facility.  (Ex. 25, 83:19-84:2, 84:13-15).

Avco Corporation is a wholly owned subsidiary of Textron, Inc.  (Ex. 29, Textron Fact Book 2010).  In addition to having Lycoming **as its only division**, Avco owns interests in three subsidiaries:  AAI Corporation, Overwatch Systems Corporation, and Textron Systems Corp.  (Ex. 29).    AAI is a separate legal entity headquartered in Hunt Valley, Maryland.  (Ex. 30).  Overwatch is a separate legal entity headquartered in Austin, Texas.  (Ex. 31).

Textron Systems Corp. is also a separate legal entity from Avco Corp., with its headquarters at 201 Lowell Street, Wilmington, Massachusetts.  (Ex. 32).    In fact, this is the same location which Avco now claims is its principal place of business in this removal.  (See Dkt. No. 1) (compare the present petition for removal with Textron's assertion in the Stewart case that Rhode Island was its principal place of business)(See Opinion, Ex. 3).  Yet, Avco still does not maintain any office at this location.  Figures 3 and 4 show photographs taken at this location, bearing no signs for Avco corporation:



Figures 3, 4: 201 Lowell Street, Wilmington, Massachusetts.

An investigator was sent to the 201 Lowell Street address, who noted that at the address, there was a "complex of several buildings," which included Textron Systems, Morpho Detection Safran Group, Lubrizol, and GE Infrastructure Security.  (Ex. 33).  When the investigator spoke to the Textron Systems receptionist about the whereabouts of Avco, the receptionist responded that the building used to house Avco Corporation "**a long time ago**."  (Ex. 33).  No further physical evidence of Avco was found by the investigator at the Wilmington, Massachusetts address.  Furthermore, Textron's website lists a telephone number for Avco as (978) 657-5111. (Ex. 34).  However, that number is not only identical to the one on Textron System's website (Ex. 32), but when called, the investigator was told that the number belongs to Textron Systems, and not Avco. (Ex. 33).

Textron's SEC Form 10-K in its Annual Report does not mention any Avco Corporation businesses, however does describe the Lycoming business, stating "Lycoming specializes in the engineering, manufacture, service and support of piston aircraft engines for the general aviation market."  (Ex. 35 at 4 (internal numbering)).   The only mention of Avco Corporation in the Textron Annual Report is in reference to a 2010 litigation verdict against Avco in the Philadelphia Common Pleas Court.  (Ex. 35 at 79).

11

In prior litigation, Avco has claimed numerous times that its principal place of business is in Providence, Rhode Island.  See Avco Corp. v. Progressive Steel Treating, Inc., No. 05-4363, 2005 WL 2483379, at *1 (N.D. Ill. Oct. 6, 2005); Avco Corp. v. Aetna Cas. & Surety Co., 679 A.2d 323, 326 n.3 (R.I. 1996); Stewart  v. Precision Airmotive LLC, No. 07-1610, 2007 WL 2892686 (E.D. Pa. Oct. 3, 2007) (Ex. 3); Brooker v. Textron, Inc., No. Civ.A. 02-2651, 2002 WL 32341770 (E.D. Pa. Nov. 20, 2002) (denying defendants AVCO and Textron's motion to transfer and discussing AVCO and Textron's principal places of business as Providence, Rhode Island and Textron Lycoming's principal place of business in Williamsport, PA); Wooton v. Pumpkin Air., Inc., 869 F.2d 848 (5th Cir. 1989) (discussing Avco and Textron's principal places of business as Rhode Island and Avco's design and manufacture of engines in Pennsylvania).  Avco has now, after a long history of asserting that Rhode Island is its principal place of business, asserted that its principal place of business is that of its subsidiary, Textron Systems, Inc., where investigation reveals no offices exist or any sign of AVCO activities take place.  In fact, neither Textron nor Avco have presented any evidence that Avco moved from Rhode Island to Massachusetts.  Indeed, Textron Systems claims Avco is not located in Massachusetts.

## II.   LEGAL ARGUMENT IN SUPPORT OF REMAND

### A.   Standard for Removal

Textron, as the party seeking removal, has failed to meet its burden of proving federal jurisdiction is appropriate. See Gross v. Deberardinis, 722 F. Supp. 2d 532, 534 (D. Del. 2010) ("The party seeking removal bears the burden to establish federal jurisdiction."); See also Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir.1987).  An action filed in state court can only be removed to if the case could have originally

been brought in federal court. 28 U.S.C. §1441(a).  Therefore, removal here is impossible since plaintiffs and defendant reside in this Commonwealth. 28 U.S.C. § 1441(b).

When it appears that the court lacks subject matter jurisdiction, the court shall remand the case back to state court.  28 U.S.C. § 1447(c). Any doubt about the propriety of this removal should be resolved in Plaintiffs' favor, as removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." S & T Bank v. Safeco Ins. Co. of Am., CIV.A. 07-01324, 2008 WL 728646 (W.D. Pa. Mar. 17, 2008) (citing 28 U.S.C. §§ 1332, 1447; Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). The  removal statute shall be strictly construed.  In re Briscoe, 448 F. 3d 201, 217 (3d Cir. 2006) ("It is logical that [the removing party] should have this burden [of persuasion], for removal statutes are to be strictly construed against removal and *all doubts should be resolved in favor of remand*.") (emphasis added); See Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002) ("statutory procedures for removal are to be strictly construed. Further, Plaintiffs' choice of forum should be given deference.  Id. (citing McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045 (E.D. Pa. 1989) (noting "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand").

Proceeding with a case in federal court could waste significant amounts of time, money, and judicial resources if it is not promptly remanded. See Franchise Tax Board of the Est. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 103 S.Ct. 2841 (1983) (remanding after trial and appeal to the circuit court of appeals); See also Valencia v. Lee, 316 F.3d 299 (2d Cir. 2003) (remanding back to state court after seven day trial and three years of litigation after appellate court determined that federal jurisdiction was lacking).

### B. **Standard for Determining the Principal Place of Business**

For diversity jurisdiction purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities -- that is, its "nerve center" – or what would normally be the corporation's "headquarters." Hertz v. Friend, 130 S.Ct. 1181, 1192 (2010).

The headquarters is the **actual** center of direction, control, and coordination," and **not "simply an office where the corporation holds its board meetings** (for example, attended by directors and officers who have traveled there for the occasion)." Id. If "the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat," this would reveal "attempts at manipulation." Brewer v. SmithKline Beacham Corp., 774 F.Supp.2d 720, 725-726 (E.D. Pa. 2011) (citing Hertz, 130 S.Ct. at 1192). In that case, the court "should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." Id. Further subsidiary corporations are "considered to have its own principal place of business" when determining diversity jurisdiction. Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142 (3d Cir.1972).

### C. Avco's Headquarters and "Nerve Center" Is Williamsport, Pennsylvania.

All direction, control, and coordination of AVCO's activities occur in Pennsylvania through **its only form of business**, done in the name of Lycoming Engines. The fact that Avco owns several subsidiary corporations is irrelevant to determine the principal place of business of Avco.

14

In another action it brought arising out of the manufacture and sale of its Lycoming engines, Avco referred to itself as "Lycoming" and, through its Director of Distribution Management and Customer Service, Michael D. Everhart, declared that its "headquarters [is] in Williamsport, Pennsylvania." Everhart Declaration, *see* ¶¶15 (attached as Ex. 2).

Moreover, the facts set forth above, *supra,* pp. 5-11, demonstrate that Avco's business is really only its aircraft engine manufacturing business and that business is directed, controlled and coordinated at its "nerve center" in Williamsport. For example:

- Avco is merely a holding company for subsidiaries that are wholly owned by Avco's parent, Textron Inc.

- Avco's only real business is through its Lycoming division.

- Avco's president and treasurer are officers of Textron Systems, a wholly owned subsidiary of Avco's parent, Textron, Inc.

- Michael Kraft, Vice President and General Manager of Lycoming, controls "all aspects of the business" form Williamsport.

- Avco owns property in Williamsport, where Lycoming is headquartered, at Lycoming's location

- All patents granted to Avco are in "Lycoming's" name.

- Avco is not mentioned in Textron's annual report or 12K whereas Lycoming is prominently mentioned 95 times.

- Avco has no dedicated phone number, owns no property in Massachusetts (not even its own so-called "headquarters"), and has no website.

- Avco's only meetings in Massachusetts occurred for approximately 20 minutes out of the year, while all other operations the remaining 364 days, 23 hours, and 40 minutes occurred in Williamsport, PA.  (Ex. 4).

These, and other, facts demonstrate that Avco's business is almost exclusively its Lycoming division and Lycoming is headquartered, *i.e.*, its "nerve center" is, in Williamsport. As such, pursuant to 28 U.S.C. § 1441(b) this court lacks jurisdiction and this action must be remanded.

### 1.   This Court Has Previously Found that Avco is "headquartered" in Pennsylvania and Thereby is a Citizen of Pennsylvania.

In <u>Stewart v. Precision Airmotive Corp.</u>, 2007 WL 2892686 at *2-3 (E.D. Pa. 2007), a case virtually identical to this case where a Lycoming engine was alleged to be defective, Judge McLaughlin noted that Avco's business was the manufacture and sale of piston aircraft engines and noted that the control and coordination of Avco's piston engine manufacturing business occurs in Pennsylvania:

> Other than the ownership of subsidiaries, the only business that AVCO conducts is the Lycoming business in Williamsport, Pennsylvania. Lycoming is an unincorporated division of AVCO engaged in the manufacture of piston engines and component parts for aircraft. Ian Walsh,[2] who is both an officer of AVCO and the senior vice president and general manager of AVCO's Lycoming business operation, runs the day-to-day business of Lycoming from Lycoming's *headquarters in* Williamsport. (Emphasis added.)

The Court then concluded that Pennsylvania is the principal place of business of AVCO:

> The only place where there is any business conducted is Pennsylvania. The officers and directors are spread over several states. Almost all of AVCO's employees are in Pennsylvania as is the corporation's plants. The business is run by Ian Walsh[3] out of Pennsylvania.

---

[2]   Mr. Walsh was replaced by Michael Kraft as Senior Vice President and General Manager of Avco's Lycoming's business operations and, upon information and belief, resides in Pennsylvania.

[3]   *See, supra,* footnote 4.

Id.

Although Judge McLaughlin's finding was made under the Third Circuit's <u>Kelly v. U.S.</u> <u>Steel Corp</u>.[4] test, the outcome would remain the same today.  <u>Kelly</u> looked to the "*headquarters* of day-to-day company activity and management."  *See* Stewart Memo and Order, p.2 (attached as Ex. 3) (emphasis added).  Under the <u>Hertz</u> test, the "nerve center" … "[i]n practice … should normally be the place where the corporation maintains its headquarters." <u>Hertz</u>, <u>supra,</u> at 1192. Under <u>Hertz</u>, as in <u>Stewart</u>, Avco's headquarters remains in Pennsylvania.

> ## 2.   Other Decisions of This Court Post-*Hertz* Support a Finding That Avco's Headquarters is in Pennsylvania

Opinions rendered by this Court after <u>Hertz</u> also support a finding that Avco's headquarters is in Williamsport. For example, in <u>Brewer v. Smithkline Beacham</u> *Co.*, 774 F.Supp.2d 720 (E.D. Pa. 2011), Judge Savage examined the center of control, direction and coordination of Glaxo Smith Kline Holdings ("GSK Holdings") "in the context of its dual role as a holding corporation and as the sole member of an LLC."  The court rejected the argument that Wilmington, Delaware was the principal place of business of these corporations, as the corporation did no more than is necessary to preserve its corporate status under Delaware law. Id. at 730.  The record revealed that the Delaware office was a sparsely furnished 10' x 10' room and a phone, although calls are patched through to Pennsylvania, there were multiple companies served at the same address, meetings there were brief, and the business records and contracts bearing the holding corporation's address showed that Philadelphia was its actual headquarters. Id. at 731-32.  Based on these facts the court found that GSK Holdings fit the profile of a

---

[4]  284 F.2d 850 (3d Cir. 1960).

company described by the U.S. Supreme Court in <u>Hertz</u> as an artifice to manipulate jurisdiction and granted the plaintiffs' motion to remand to state court.  <u>Id.</u> at 730, 732.

In <u>Monroe v. Smithkline Beecham Corp.</u>, No. 10-cv-02140, 2010 WL 2606682 (E.D. Pa. June 25, 2010), Judge Joyner considered business activities are directed there, including product development, exporting, marketing, research, service, and holding." <u>Id.</u> at *2 (citing <u>Hertz Corp.</u>, 130 S.Ct. at 1192).  In addition, the fact that the defendant in <u>Monroe</u> referred to its principal place of business in other legal proceedings as being Philadelphia, Pennsylvania, supported a finding that Pennsylvania was the proper principal place of business of the defendant despite its assertions to the contrary.  <u>Id.</u> at *3.

The case at bar is analogous to <u>Brewer</u> and <u>Monroe</u>.  Lycoming is the *only* "operating division" of Avco and therefore, the only business Avco conducts.  The vast majority of the decision making, indeed "all aspects of the business," is directed, controlled and coordinated in Williamsport.  <u>See</u>, <u>supra</u>, pp. 5-11.  The rest of the companies under the Avco corporate shell are wholly owned subsidiaries of Textron, Inc. and are separate legal entities who by law, make their own decisions and are separate from Avco.  Avco is essentially a holding company, serving no other purpose than to impute out-of-state citizenship on Lycoming to, as it seeks to do here, thwart the public's expectations that Lycoming can be haled into Pennsylvania state court. As the <u>Hertz</u> Court cautioned:

> Indeed, if the record reveals attempts at manipulation—for example, that the alleged "nerve center" is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the "nerve center" the place of actual direction, control, and coordination, in the absence of such manipulation.

<u>Hertz</u>, <u>supra</u>, at 1185.

In this regard, Avco here bears striking similarity to GSK Holdings in <u>Brewer</u>, including lacking its own telephone line. Even if some decisions are made outside of Williamsport, the vast majority of them do not occasion leaving Williamsport. <u>See</u> <u>Evernu Technology v. Rohm and Haas</u>, 2010 WL 3419892 at *4 (E.D.Pa.) (holding that vast majority of decisions occurring in Philadelphia overrode fact that contracts over $300 million required out-of-state parent's approval). In <u>Evernu</u>, Judge Diamond considered whether a subsidiary of Dow Chemical nevertheless exhibits sufficient "day-to-day control and coordination of the company's basic operations" to be deemed "nerve center." The court recognized that even where the parent "reserve[d] to itself its subsidiary's most significant decisions … all other decisions [were made] in Philadelphia" and found the subsidiary had its own "nerve center" in Pennsylvania and dismissed for lack of diversity.

Even under the <u>Hertz</u> "nerve center" test, Avco maintains its factual and legal principal place of business in Williamsport. Its lack of activities and lack of true meetings show that the Wilmington, Massachusetts is not the true location of Avco, and merely a sham location.

**D.     Plaintiffs are Entitled to Fees and Costs for Textron's Improper Removal**

Plaintiffs are entitled to the attorneys' fees, costs, and expenses under 28 U.S.C. § 1447(c) permitted may be rewarded on a motion to remand. This award may be made "where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). In <u>Martin</u> the Supreme Court set forth the standard as follows; the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging the litigation and imposing costs on the opposing party while not undermining Congress' basic

decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

Recently, this Court considered removal by an aviation manufacturing defendant, on the basis of federal question jurisdiction and improper joinder.  (See Ex. 36, Yellen v. Teledyne Continental Motors, Inc., No. 11-3325 (E.D. Pa. December 6, 2011)).  The Court awarded fees and costs based on the improper removal of the action, as the defendants "had no objectively reasonable basis for seeking removal." Id. at 44.

Here, removing defendants are forum shopping and had no basis to remove Plaintiffs' lawsuit.  There is no diversity since the Agostini Plaintiffs and Defendant Lycoming are residents of Pennsylvania.  Even if there were diversity, this case is not removable under the forum defendant rule and since not all parties consented to removal.  This issue has been decided again and again, and Textron lacks any reasonable basis for removing this action.

Plaintiffs respectfully request relief under 28 U.S.C. § 1447(c).

**E.      Jurisdictional Discovery is Warranted if the Court Believes the Record Does Not Support Remand**

If this Court remains unconvinced that remand is justified on the record plaintiffs have developed outside of discovery; or should Avco proffer affidavits in opposition to the instant motion;[5] Plaintiffs respectfully request that jurisdictional discovery be granted which would allow plaintiffs to discover further facts and information as to Avco's "nerve center." See Evernu, supra, at *1 (granting discovery on jurisdictional issue).  It is respectfully requested that such discovery include written, deposition as well as site-inspection discovery.

---

[5]   Plaintiffs maintain that the time for Avco to have proffered any such affidavits, or other competent proof, was when it removed this case. See, supra, pp. 12-13.

III.    **<u>CONCLUSION</u>**

The removal of this case was improper as the statutory requirements of removal were not met since defendant Avco Corporation is a citizen of the forum state, Pennsylvania. Removal jurisdiction is therefore lacking. Plaintiffs respectfully request this Honorable Court to remand this case to the Pennsylvania Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

THE WOLK LAW FIRM

*/s/ Michael S. Miska*
MICHAEL S. MISKA

## CERTIFICATE OF SERVICE

I, Michael S. Miska, hereby certify that on December 16, 2011, a true and correct copy of the foregoing Plaintiffs' Motion for Remand, was electronically filed and served upon the following in the manner indicated below:

**VIA ECF**
James C. Stroud, Esquire
Rawle & Henderson, Esquire
1339 Chestnut Street
The Widener Building, 16th Floor
Philadelphia, PA  19107
*Attorney for Defendant, Dukes Aerospace, Inc.*

**VIA ECF**
James E. Robinson, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA  19103
*Attorney for Defendants, Textron Inc. and AVCO Corporation*
*On behalf of its Lycoming Engines Divisions*

**VIA ECF**
James G. Lare, Esquire
Marshall Dennehey
1845 Walnut Street
Philadelphia, PA  19103-4797
*Attorney for Defendant, Piper Aircraft Corporation*

**VIA ECF**
J. Denny Shupe, Esquire
Joseph J. Langkamer, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-4252
*Attorneys for AVStar Fuel Systems*

**<u>VIA ECF</u>**
John E. Salmon, Esquire
Kellie A. Allen, Esquire
Shari F. Bernstein, Esquire
Salmon Ricchezza Singer & Turchi LLP
1601 Market Street, Suite 2500
Philadelphia, PA  19103
*Attorneys for Florida Institute of Technology and*
*F.I.T. Aviation, LLC*

**<u>VIA FIRST CLASS MAIL</u>**
Lycoming a/k/a Lycoming Engines
a/k/a Textron Lycoming
Reciprocating Engine Division
652 Oliver Street
Williamsport, PA  17701

**THE WOLK LAW FIRM**

*/s/ Michael S. Miska*
Michael S. Miska, Esquire
*Attorney for Plaintiffs*