# Exhibit "J"

## Page 1

```
            IN THE COURT OF COMMON PLEAS
        FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
                   CIVIL TRIAL DIVISION
                           - - -
KAREN PRIDGEN, Individually and as      : JULY TERM,
Personal Representative of the Estate   :   2001
of LENDON N. PRIDGEN, Deceased; and as  :
Personal Representative of the Estate   :
of ANTHONY W. CIPPARONE, Deceased,      :
DENISE DIGGEN, Individually and as      :
Personal Representative of the          :
Estate of DANIEL DIGGEN, Deceased,      :
and TYLER JOHNSON                       :
                                        :
                     Plaintiffs         :
          - vs -                        :
                                        :
LYCOMING ENGINES,                       :
TEXTRON, INC., and AVCO CORPORATION     :
                                        : NOS. 3838 &
                     Defendants         :      4008

                           - - -

                      April 6, 2010
                  Courtroom 630, City Hall
                  Philadelphia, Pennsylvania
                           - - -

BEFORE:       HONORABLE PATRICIA MC INERNEY, J.
                       and a Jury

                           - - -

                    AFTERNOON SESSION
```

## Page 2

APPEARANCES:

THE WOLK LAW FIRM
BY: ARTHUR ALAN WOLK, ESQUIRE
    BRAD STOLL, ESQUIRE
1710-12 Locust street
Philadelphia, PA 19103
Attorneys for Plaintiffs

COZEN O'CONNOR
BY: JAMES E. ROBINSON, ESQUIRE
    SARA FREY, ESQUIRE
1900 Market Street
Philadelphia, PA 19103-3508
Attorneys for Defendants
Textron Lycoming Reciprocating
Engine Division and AVCO Corporation

------

## Page 3

**Pridgen v. Lycoming**

THE COURT: Okay. Please be seated. Were you able to work out a stipulation?

MR. STOLL: I believe so, but I'm only "butting" because we just finalized it right now and we don't have it written down yet.

THE COURT: All right.

MS. FREY: Can I put something on the record before we even get to that part?

Defendants would like to put on the record our objection to the verdict and request a judgment notwithstanding the verdict on the basis that the verdict is against the weight of the evidence. As we stated in our nonsuit --

THE COURT: Hold on -- okay. Go ahead.

MS. FREY: -- in our nonsuit and Directed Verdict Motions there was no evidence presented during trial of a knowing misrepresentation, knowing concealment or knowing withholding of information from the FAA that is causally related to the August 1st, 1999, accident. Since plaintiffs were not -- did not present evidence of that, the case should not have gone any further and the jury should not have considered liability.

## Page 4

**Pridgen v. Lycoming**

To the extent there was, under Pennsylvania tort law under strict liability law we cannot be held liable because we did not manufacture the part and, therefore, we object on that basis as well. We also object on the basis there was a substantial change to the product, which prohibits liability against us.

Further object to the issue of punitive damages going to the jury on the basis that there was no evidence of malicious conduct, ill-will, evil motive.

We also object on the grounds that the verdict is excessive and against the weight of the evidence, and ask that the verdict be set aside. And we also preserve the right to fully brief these issues during Post-trial Motions.

THE COURT: Okay.

MR. STOLL: I do incorporate all of the arguments I made at the directed verdict and there was another -- at the close of all of the evidence. There has been sufficient evidence for both, to find defect, negligence, as well as punitive damages, knowing misrepresentation. Without repeating myself as to what

5

**Pridgen v. Lycoming**

I've previously said throughout this case, nothing has changed at this point and the amounts are within the fair scope of what a reasonable jury could award in this case, that nothing should be set aside.

THE COURT: Okay. All right. I'll note your Motion and hold it under advisement pending your Post-trial Motions.

I would like to go over the charge that I'm going to give on the punitives. I'm just going to slightly modify 14.00 and say to the jurors, given your answer to Question 12 on the verdict slip, you may award punitive damages in addition to your award of compensatory damages in order to punish the defendant for its conduct and to deter the defendant and others from committing similar acts. A defendant's conduct is outrageous when it is malicious, wanton, willful or oppressive or shows reckless indifference to the interest of others.

Then I'm going to go on to 14.02. If you decide that the plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so

6

**Pridgen v. Lycoming**

you may consider any or all of the following factors: one, the character of the defendant's act; two, the nature and extent of the harm to the plaintiffs that the defendant caused or intended to cause; three, the wealth of the defendant insofar as it is relevant in fixing an amount that will punish it and deter it and others from like conduct in the future. The amount of damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from similar acts.

And then is there an objection to 3 or 4?

MR. WOLK: No, that's fine.

THE COURT: Because I'm inclined to give 3 and 4 of the supplemental charges.

MS. FREY: I'm sorry?

THE COURT: Then I would give supplemental charge No. 3, which I guess I don't have to read the whole thing, and then supplemental charge No. 4.

7

**Pridgen v. Lycoming**

MS. FREY: You will give those? If I could just note an objection to the -- in the standard charge that you just read.

THE COURT: Which one?

MS. FREY: 14 and 14.02, it is the same issue, the phrase "and others," to deter the defendant and others. We object to including "and others." It's unconstitutional to punish us to deter others.

THE COURT: Yes.

MS. FREY: I think it was in 14.0 and then it is also in No. 3 under 14.02 --

THE COURT: Yes. Okay.

MS. FREY: -- at the bottom.

THE COURT: Okay. Done.

MR. STOLL: The only point I would make on that is that the law is that you can't punish -- well, punitive damages can deter the defendant and deter others. It is an appropriate recitation of the law.

THE COURT: Right. But the way it read it sounds like --

MR. STOLL: Okay. Just note the objection.

8

**Pridgen v. Lycoming**

THE COURT: Okay. Now, you need time to work out the stipulation?

MR. STOLL: Well, did we agree -- may I address counsel?

THE COURT: Yes.

MR. STOLL: Did we agree on the first part?

MS. FREY: Yes.

MR. STOLL: We agreed on the first part and then we also agree that the information being submitted is sufficient for purposes of establishing the standard of showing of defendant's wealth for purposes of punitive damages.

MS. FREY: Yes, as long as -- yes.

MR. STOLL: Okay.

MS. FREY: As long as we preserve our rights.

MR. STOLL: We do have a stipulation. Would you like me to read it, Your Honor, or hand you a copy?

THE COURT: Why don't you hand me a copy?

MR. STOLL: Okay. Do you mind it

## Page 9

**Pridgen v. Lycoming**

1 handwritten?
2 THE COURT: No. We'll make a copy.
3 MR. STOLL: Okay.
4 THE COURT: Let me see if I can read it
5 and if I can read it that way, we'll just use
6 it that way.
7 MR. STOLL: It is the top one which
8 says "read to the jury."
9 MR. WOLK: The second one is critical.
10 (Discussion off the record between
11 plaintiffs' counsel)
12 MR. WOLK: We want to make sure we get
13 on this record -- after this is done I will
14 state it, Your Honor.
15 THE COURT: Wait, wait one second. Let
16 me just read it first.
17 ------
18 (Pause in proceedings)
19 ------
20 THE COURT: Okay.
21 MR. WOLK: Your Honor, I just want to
22 make clear on this record that I won't agree to
23 the first stipulation unless the second part --
24 they want to preserve their right to argue the

## Page 10

**Pridgen v. Lycoming**

1 constitutionality or un-constitutionality of an
2 award of punitive damages. Got no problem with
3 that. But I want them to agree on the record
4 that the information that they have supplied us
5 and that will be supplied to the jury, which is
6 solely the net worth of Avco Corporation, is
7 all from an evidentiary standpoint is required
8 under the law to allow a jury to award punitive
9 damages. Because if not, I've got a witness
10 here.
11 THE COURT: Okay. All right.
12 MS. FREY: Yes, we talked about that.
13 But, I mean, there's other factors besides
14 wealth, including the character of the
15 defendants.
16 MR. WOLK: I got all that.
17 MS. FREY: Under Pennsylvania law
18 wealth is permitted to be considered by the
19 jury. That's the law. If we're talking about
20 wealth, the valid -- we will stipulate the
21 valid measure of wealth is net worth and that's
22 sufficient, yes.
23 MR. WOLK: All right. That's where we
24 are, and I don't want to get into an argument

## Page 11

**Pridgen v. Lycoming**

1 on appeal.
2 THE COURT: He wants to make sure that
3 you're not going to try to raise on appeal that
4 just telling the jury the net worth was not
5 sufficient to support an award for punitive
6 damages, that there should have been expert
7 testimony.
8 MS. FREY: No, no, I'm not going to --
9 no. I'm not going to object there should have
10 been expert testimony or there should have
11 been --
12 MR. WOLK: Other information.
13 MS. FREY: -- other information, no.
14 Net worth is the valid measure of wealth.
15 THE COURT: Your complaint should be
16 that the jury should never have gotten the
17 issue of punitive damages, but that the
18 information they got upon which to base an
19 award you're agreeing to and that was
20 sufficient under the law.
21 MS. FREY: Under the law, yes. I still
22 have objections to the constitutionality of
23 punitive damages.
24 THE COURT: Yes.

## Page 12

**Pridgen v. Lycoming**

1 MS. FREY: But we're not going there
2 right now.
3 MR. WOLK: Okay.
4 THE COURT: Okay. Now, when the jurors
5 come back out again, I will say to them that
6 they have one more task and that that task is
7 to determine whether or not they choose to
8 award punitive damages to the plaintiffs
9 against the defendant, and I'll read to them
10 the stipulation as to the net worth and then --
11 well, actually, you know what? Maybe I should
12 read the charges first and then --
13 MR. WOLK: Do you want to include it in
14 the charge, Judge?
15 THE COURT: And then read the net
16 worth.
17 MS. FREY: You could include it after
18 you say the wealth.
19 THE COURT: Okay. Okay. I'll do that.
20 I'll insert it there. I'll insert the
21 stipulation there.
22 Okay. Are they all here?
23 THE COURT CRIER: Yes, Judge.
24 THE COURT: Okay.

## Pridgen v. Lycoming

**13**

2  THE COURT CRIER: I'll bring them out.
3  ------
4  (Pause in proceedings)
5  ------
6  MR. STOLL: Can I see the stipulation
7  one more time, Your Honor?
8  THE COURT: Oh, I'm sorry.
9  THE COURT CRIER: Make a copy?
10  THE COURT: Yes. Why don't you make
11  three copies.
12  MR. STOLL: I just want to make sure
13  the comma wasn't changed to a decimal point or
14  anything like that along the way. Off the
15  record.
16  MR. WOLK: Or an exclamation.
17  MS. FREY: I'm sure you would jump up
18  and correct it.
19  THE COURT: What was the amount so I --
20  MR. STOLL: $641,800,000.
21  THE COURT: Okay.
22  ------
23  (Pause in proceedings)
24  ------
25  THE COURT CRIER: All rise, jurors

**14**

## Pridgen v. Lycoming

2  coming out.
3  (Whereupon the jury entered the
4  courtroom at 1:10 p.m.)
5  THE COURT CRIER: Everyone is present,
6  Your Honor.
7  THE COURT: All right. Please be
8  seated.
9  All right. Good afternoon, members of
10  the jury.
11  THE JURY: Good afternoon.
12  THE COURT: All right. Members of the
13  jury, given your answer to Question 12 on the
14  verdict slip, you may award punitive damages in
15  addition to your award of compensatory damages
16  in order to punish the defendant for its
17  conduct and to deter the defendant from
18  committing similar acts. A defendant's conduct
19  is outrageous when it is malicious, wanton,
20  willful or oppressive or shows reckless
21  indifference to the interests of others.
22  If you decide that the plaintiffs are
23  entitled to an award of punitive damages, it is
24  your job to affix the amount of such damages.
25  In doing so you may consider any or all of the

**15**

## Pridgen v. Lycoming

2  following factors: one, character of the
3  defendant's act; two, the nature and extent of
4  the harm to the plaintiffs that the defendant
5  caused or intended to cause; three, the wealth
6  of the defendant insofar as it is relevant in
7  fixing an amount that will punish it and deter
8  it from like conduct in the future. And it has
9  been stipulated among the parties that the
10  balance sheet provided by Avco Corporation and
11  Avco Corporation on behalf of its Lycoming
12  Engines Division, verified April 6th, 2010,
13  shows the defendant's net worth to be
14  $641,800,000.
15  The amount of punitive damages awarded
16  must not be the result of passion or prejudice
17  against the defendant on the part of the jury.
18  The sole purpose of punitive damages is to
19  punish the defendant's outrageous conduct and
20  to deter the defendant from similar acts. It
21  should be presumed that a plaintiff has been
22  made whole for his or her injuries by
23  compensatory damages, so punitive damages
24  should only be awarded if the defendant's
25  culpability, after having paid compensatory

**16**

## Pridgen v. Lycoming

2  damages, is so reprehensible as to warrant the
3  imposition of further sanctions to achieve
4  punishment or deterrence. The measure of
5  punishment must be both reasonable and
6  proportionate to the amount of harm to the
7  plaintiff and to the general damages recovered.
8  I have an additional verdict sheet.
9  This time I'm only going to give you one copy
10  that your foreperson will be responsible for
11  filling out, and it just has one question on
12  it: Please enter the amount of punitive
13  damages you have found against Lycoming
14  Engines, with a signature line and a date line
15  for the foreperson.
16  I would give you the same instructions
17  that I gave you on your previous deliberations,
18  that you must listen to the opinions of each
19  other with mature consideration and that 10 out
20  of the 11 of you will have to agree on a
21  verdict to have a verdict on this question in
22  the case.
23  And with that I will send you back to
24  begin your final phase of deliberations.
25  THE COURT CRIER: All rise.

## 17

**Pridgen v. Lycoming**

(Whereupon the jury exited the courtroom at 1:17 p.m. to begin deliberations)

THE COURT: Okay. I'm sorry; I asked Howard to hold them up for a minute because I forgot to ask you if you needed to see me at sidebar for anything.

MR. WOLK: No, Your Honor, that's what we talked about.

MS. FREY: Yes.

THE COURT: Yes? Well, we don't have to go to sidebar. Go ahead, you can be seated.

MS. FREY: The verdict sheet, we just saw this. I assume it was the one from before; I don't know. But, anyway, we would object to it not saying please enter the amount of damages, if any.

THE COURT: I gave you that verdict slip before I came out so that we wouldn't have this problem.

MR. WOLK: There's nothing wrong with the verdict slip, Your Honor. If they are going to find zero, they are going to find zero. If they are going to find something, they are going to find something.

## 18

**Pridgen v. Lycoming**

THE COURT: You have the verdict slip?

THE COURT CRIER: Yes.

THE COURT: Okay. Well, I have to change it, so they'll have to sit.

MS. FREY: Thank you.

THE COURT CRIER: The Court will take a brief recess.

------

(Short recess)

------

THE COURT CRIER: I will make copies and I will give it to them.

MR. ROBINSON: Thank you, sir.

------

(Jury deliberations)

------

THE COURT CRIER: Court's back in session.

------

(1:39 p.m.)

------

THE COURT CRIER: Jury coming out.

(Whereupon the jury entered the courtroom at 1:39 p.m.)

## 19

**Pridgen v. Lycoming**

THE COURT: All right. Please be seated, everyone.

THE COURT CRIER: All the parties are present, Your Honor. May I take the verdict?

THE COURT: Yes.

THE COURT CRIER: Will the foreperson please rise?

THE FOREPERSON: Yes.

THE COURT CRIER: Sir, has the jury reached a verdict?

THE FOREPERSON: Yes.

THE COURT CRIER: Have at least 10 out of 11 agreed?

THE FOREPERSON: Yes.

THE COURT CRIER: In the matter of Karen Pridgen, individually and as personal representative of the Estate of Lendon Pridgen, deceased, and as personal representative of the Estate of Anthony Cipparone, deceased, Denise Diggen, individually and as personal representative of the Estate of Daniel Diggen, deceased, and Tyler Johnson versus Avco Corporation and Avco Corporation on behalf of its Lycoming Engines Division, July Term 2001,

## 20

**Pridgen v. Lycoming**

No. 3838 and 4008, Question No. 1, please enter the amount of punitive damages, if any, you have found against Lycoming Engines.

THE FOREPERSON: 64 million dollars.

THE COURT: Okay.

THE COURT CRIER: May the verdict be recorded, Your Honor?

THE COURT: Any objection to the verdict being recorded?

MR. WOLK: No, Your Honor.

MR. ROBINSON: We'd like to poll the jury, Your Honor.

THE COURT CRIER: Okay. Poll the jury. Jurors, as I call your number, please state whether you agree with the verdict.

Juror No. 1, please rise. Do you agree with the verdict as stated by your foreperson?

THE JUROR: Yes.

THE COURT CRIER: Juror No. 2, please rise. Do you agree with the verdict as stated by your foreperson?

THE JUROR: Yes.

THE COURT CRIER: Juror No. 3, please rise. Do you agree with the verdict as stated

## 21

### Pridgen v. Lycoming

by your foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 4, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 5, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 6, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 7, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 8, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: No.
    THE COURT CRIER: Juror No. 9, please rise. Do you agree with the verdict as stated

## 22

### Pridgen v. Lycoming

by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Juror No. 10, please rise. Do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: And Juror No. 11, do you agree with the verdict as stated by the foreperson?
    THE JUROR: Yes.
    THE COURT CRIER: Your Honor, we have 10 out of 11 that agree with the verdict. May the verdict be recorded?
    THE COURT: Yes.
    THE COURT CRIER: Jurors, harken to the verdict as the Court has recorded it and you say you find for the plaintiff in the amount of 64 million dollars in punitive damages and 10 out of 11 agree with the verdict, yes?
    THE JUROR: Yes.
    THE COURT: All right. Members of the jury, this does complete your service. I want to thank you very much for your service. You may now talk to anybody that you wish to about

## 23

### Pridgen v. Lycoming

the case. You, of course, don't have to talk to anybody about the case. It's your decision whether or not you want to do that.
    If you do choose to talk to anybody about the case, you can tell them anything that you thought about the case or the evidence in the case, your experience being a juror, whatever, but you may not quote a fellow juror's comments during confidential deliberations. Okay?
    So you can say anything you thought, but you can't quote another fellow juror. All right?
    All right. Thank you and you're excused.
    THE COURT CRIER: All rise.
    (Whereupon the jury exited the courtroom at 1:43 p.m.)
    MR. ROBINSON: Your Honor, is it all right to talk to the jurors?
    THE COURT: It's fine for the lawyers to talk to the jurors. That's perfectly permissible. That's up to the jurors if they want to talk to anybody.

## 24

### Pridgen v. Lycoming

    All right. Counsel, I would just like to thank all four of you and your assistants for a very well-tried case. I know it was a hard-fought case but excellent lawyering on both sides, and that's always appreciated by the Court. So thank you all.
    MR. WOLK: Thank you, Your Honor.
    MR. ROBINSON: Thank you, Your Honor.
    MS. FREY: Your Honor, can I just put something on the record?
    THE COURT: Yes, you may. And off the record --
    (Discussion off the record)
    MS. FREY: Your Honor, just to make it clear, in case it has not been clear, one of the bases for our objections to the verdict on the misrepresentation exception is that the exception does not apply where the part that is defective is a replacement part.
    We also object to the award of punitive damages as excessive against the weight of the evidence and unconstitutional and reserve the right to fully brief the issue on Post-trial Motions.

25

**Pridgen v. Lycoming**

1
2  THE COURT: Okay. All right. Thank
3  you all.
4  MR. WOLK: Thank you, Judge, very much.
5  THE COURT CRIER: This Court is
6  dismissed till further notice.
7  ------
8  (Whereupon the hearing adjourned)
9  ------

26

**Pridgen v. Lycoming**

1
2  I hereby certify that the proceedings
3  and evidence are contained fully and accurately
4  in the notes taken by me on the trial of the
5  above cause, and that this copy is a correct
6  transcript of the same.
7
8
9          EDNA M. DONOVON, RMR
10         Official Stenographer
11
12
13
14  The foregoing certification of this
15  transcript does not apply to any reproduction
16  of the same by any means unless under the
17  direct control and/or direction of the
18  certifying court reporter.

**$**

**$641,800,000** [2] - 13:20, 15:14

**1**

1 [2] - 20:2, 20:17
10 [5] - 16:19, 19:13, 22:4, 22:13, 22:19
11 [5] - 16:20, 19:14, 22:8, 22:13, 22:20
12 [2] - 5:13, 14:13
14 [1] - 7:6
14.0 [1] - 7:12
14.00 [1] - 5:12
14.02 [3] - 5:22, 7:6, 7:13
1710-12 [1] - 2:5
1900 [1] - 2:9
19103 [1] - 2:6
19103-3508 [1] - 2:10
1999 [1] - 3:22
1:10 [1] - 14:4
1:17 [1] - 17:3
1:39 [2] - 18:21, 18:25
1:43 [1] - 23:19
1st [1] - 3:21

**2**

2 [1] - 20:20
2001 [2] - 1:5, 19:25
2010 [2] - 1:16, 15:12

**3**

3 [5] - 6:16, 6:20, 6:23, 7:13, 20:24
3838 [2] - 1:12, 20:2

**4**

4 [4] - 6:17, 6:20, 6:25, 21:4
4008 [2] - 1:13, 20:2

**5**

5 [1] - 21:8

**6**

6 [2] - 1:16, 21:12
630 [1] - 1:16

64 [2] - 20:5, 22:19
6th [1] - 15:12

**7**

7 [1] - 21:16

**8**

8 [1] - 21:20

**9**

9 [1] - 21:24

**A**

able [1] - 3:3
accident [1] - 3:22
accurately [1] - 26:3
achieve [1] - 16:3
act [2] - 6:4, 15:3
acts [4] - 5:18, 6:15, 14:18, 15:20
addition [2] - 5:15, 14:15
additional [1] - 16:8
address [1] - 8:5
adjourned [1] - 25:8
advisement [1] - 5:8
affix [1] - 14:24
AFTERNOON [1] - 1:21
afternoon [2] - 14:9, 14:11
agree [20] - 8:4, 8:7, 8:11, 9:23, 10:4, 16:20, 20:16, 20:17, 20:21, 20:25, 21:5, 21:9, 21:13, 21:17, 21:21, 21:25, 22:5, 22:9, 22:13, 22:20
agreed [2] - 8:10, 19:14
agreeing [1] - 11:20
ahead [2] - 3:15, 17:12
ALAN [1] - 2:4
allow [1] - 10:9
amount [12] - 5:25, 6:8, 6:10, 13:19, 14:24, 15:7, 15:15, 16:6, 16:12, 17:16, 20:3, 22:18
amounts [1] - 5:4
answer [2] - 5:13, 14:13
Anthony [1] - 19:20

ANTHONY [1] - 1:7
anyway [1] - 17:15
appeal [2] - 11:2, 11:4
APPEARANCES [1] - 2:2
apply [2] - 24:19, 26:15
appreciated [1] - 24:6
appropriate [1] - 7:21
April [2] - 1:16, 15:12
argue [1] - 9:25
argument [1] - 10:25
arguments [1] - 4:20
ARTHUR [1] - 2:4
aside [2] - 4:16, 5:6
assistants [1] - 24:3
assume [1] - 17:14
Attorneys [2] - 2:6, 2:10
August [1] - 3:21
AVCO [2] - 1:12, 2:11
Avco [5] - 10:7, 15:10, 15:11, 19:23, 19:24
award [13] - 5:5, 5:14, 5:15, 5:24, 10:3, 10:9, 11:6, 11:20, 12:9, 14:14, 14:15, 14:23, 24:21
awarded [3] - 6:10, 15:15, 15:24

**B**

balance [1] - 15:10
base [1] - 11:19
bases [1] - 24:17
basis [4] - 3:13, 4:6, 4:7, 4:10
BEFORE [1] - 1:19
begin [2] - 16:24, 17:3
behalf [2] - 15:11, 19:24
between [1] - 9:11
bottom [1] - 7:15
BRAD [1] - 2:5
brief [3] - 4:17, 18:8, 24:24
bring [1] - 13:2
butting [1] - 3:5
BY [2] - 2:4, 2:8

**C**

cannot [1] - 4:4
case [12] - 3:23, 5:2, 5:5, 16:22, 23:2, 23:3, 23:6, 23:7, 23:8, 24:4, 24:5,

24:16
causally [1] - 3:21
caused [2] - 6:5, 15:5
certification [1] - 26:14
certify [1] - 26:2
certifying [1] - 26:18
change [2] - 4:7, 18:5
changed [2] - 5:3, 13:13
character [3] - 6:3, 10:15, 15:2
charge [5] - 5:10, 6:23, 6:25, 7:4, 12:15
charges [2] - 6:20, 12:13
choose [2] - 12:8, 23:5
CIPPARONE [1] - 1:7
Cipparone [1] - 19:20
City [1] - 1:16
CIVIL [1] - 1:3
clear [3] - 9:23, 24:16
close [1] - 4:21
coming [2] - 14:2, 18:23
comma [1] - 13:13
comments [1] - 23:10
committing [2] - 5:18, 14:18
COMMON [1] - 1:2
compensatory [4] - 5:15, 14:15, 15:23, 15:25
complaint [1] - 11:16
complete [1] - 22:23
concealment [1] - 3:19
conduct [9] - 4:11, 5:17, 5:19, 6:9, 6:14, 14:17, 14:18, 15:8, 15:19
confidential [1] - 23:10
consider [2] - 6:2, 14:25
consideration [1] - 16:19
considered [2] - 3:25, 10:19
constitutionality [3] - 10:2, 11:23
contained [1] - 26:3
control [1] - 26:17
copies [2] - 13:11, 18:12
copy [6] - 8:22, 8:24, 9:3, 13:9, 16:9, 26:5
Corporation [6] -

2:11, 10:7, 15:10, 15:11, 19:24
CORPORATION [1] - 1:12
correct [2] - 13:18, 26:5
counsel [3] - 8:5, 9:12, 24:2
course [1] - 23:2
COURT [80] - 1:2, 3:2, 3:7, 3:15, 4:18, 5:7, 6:19, 6:22, 7:5, 7:11, 7:14, 7:16, 7:22, 8:2, 8:6, 8:23, 9:3, 9:5, 9:16, 9:21, 10:12, 11:3, 11:16, 11:25, 12:5, 12:16, 12:20, 12:24, 12:25, 13:2, 13:8, 13:9, 13:10, 13:19, 13:21, 13:25, 14:5, 14:7, 14:12, 16:25, 17:4, 17:11, 17:18, 18:2, 18:3, 18:4, 18:7, 18:12, 18:18, 18:23, 19:2, 19:4, 19:6, 19:7, 19:10, 19:13, 19:16, 20:6, 20:7, 20:9, 20:14, 20:20, 20:24, 21:4, 21:8, 21:12, 21:16, 21:20, 21:24, 22:4, 22:8, 22:12, 22:15, 22:16, 22:22, 23:17, 23:22, 24:12, 25:2, 25:5
Court [4] - 18:7, 22:17, 24:7, 25:5
court [1] - 26:18
Court's [1] - 18:18
courtroom [4] - 14:4, 17:3, 18:25, 23:19
Courtroom [1] - 1:16
COZEN [1] - 2:8
CRIER [32] - 12:24, 13:2, 13:9, 13:25, 14:5, 16:25, 18:3, 18:7, 18:12, 18:18, 18:23, 19:4, 19:7, 19:10, 19:13, 19:16, 20:7, 20:14, 20:20, 20:24, 21:4, 21:8, 21:12, 21:16, 21:20, 21:24, 22:4, 22:8, 22:12, 22:16, 23:17, 25:5
critical [1] - 9:10
culpability [1] - 15:25

## D

damages [31] - 4:10, 4:24, 5:14, 5:15, 5:24, 5:25, 6:10, 6:13, 7:19, 8:15, 10:3, 10:10, 11:7, 11:18, 11:24, 12:9, 14:14, 14:15, 14:23, 14:24, 15:15, 15:18, 15:23, 16:2, 16:7, 16:13, 17:17, 20:3, 22:19, 24:22
Daniel [1] - 19:22
DANIEL [1] - 1:8
date [1] - 16:14
Deceased [3] - 1:6, 1:7, 1:8
deceased [3] - 19:19, 19:20, 19:23
decide [2] - 5:23, 14:22
decimal [1] - 13:13
decision [1] - 23:3
defect [1] - 4:23
defective [1] - 24:20
defendant [15] - 5:16, 5:17, 6:5, 6:7, 6:12, 6:15, 7:8, 7:20, 12:10, 14:16, 14:17, 15:4, 15:6, 15:17, 15:20
defendant's [9] - 5:18, 6:3, 6:14, 8:14, 14:18, 15:3, 15:13, 15:19, 15:24
Defendants [1] - 2:10
defendants [3] - 1:13, 3:10, 10:16
deliberations [5] - 16:17, 16:24, 17:3, 18:16, 23:11
DENISE [1] - 1:7
Denise [1] - 19:20
deter [10] - 5:17, 6:8, 6:14, 7:7, 7:10, 7:19, 7:20, 14:17, 15:7, 15:20
determine [1] - 12:8
deterrence [1] - 16:4
DIGGEN [2] - 1:7, 1:8
Diggen [2] - 19:21, 19:22
direct [1] - 26:17
directed [1] - 4:20
Directed [1] - 3:17
direction [1] - 26:17
Discussion [2] - 9:11, 24:14

dismissed [1] - 25:6
DISTRICT [1] - 1:2
Division [3] - 2:11, 15:12, 19:25
DIVISION [1] - 1:3
dollars [2] - 20:5, 22:19
done [2] - 7:16, 9:14
DONOVON [1] - 26:9
down [1] - 3:6
during [3] - 3:18, 4:17, 23:10

## E

EDNA [1] - 26:9
Engine [1] - 2:11
Engines [4] - 15:12, 16:14, 19:25, 20:4
ENGINES [1] - 1:11
enter [3] - 16:12, 17:16, 20:2
entered [2] - 14:3, 18:24
entitled [2] - 5:23, 14:23
ESQUIRE [4] - 2:4, 2:5, 2:8, 2:9
establishing [1] - 8:13
Estate [6] - 1:5, 1:6, 1:8, 19:18, 19:20, 19:22
evidence [10] - 3:14, 3:17, 3:23, 4:11, 4:15, 4:22, 23:7, 24:23, 26:3
evidentiary [1] - 10:8
evil [1] - 4:12
excellent [1] - 24:5
exception [2] - 24:18, 24:19
excessive [2] - 4:14, 24:22
exclamation [1] - 13:16
excused [1] - 23:16
exited [2] - 17:2, 23:18
experience [1] - 23:8
expert [2] - 11:7, 11:11
extent [3] - 4:2, 6:4, 15:3

## F

FAA [1] - 3:20
factors [3] - 6:3, 10:14, 15:2

fair [1] - 5:4
fellow [2] - 23:9, 23:13
filling [1] - 16:11
final [1] - 16:24
finalized [1] - 3:5
fine [2] - 6:18, 23:22
FIRM [1] - 2:4
FIRST [1] - 1:2
first [5] - 8:7, 8:10, 9:17, 9:24, 12:13
fix [1] - 5:25
fixing [2] - 6:7, 15:7
following [2] - 6:2, 15:2
foregoing [1] - 26:14
foreperson [14] - 16:10, 16:15, 19:7, 20:18, 20:22, 21:2, 21:6, 21:10, 21:14, 21:18, 21:22, 22:2, 22:6, 22:10
FOREPERSON [4] - 19:9, 19:12, 19:15, 20:5
forgot [1] - 17:6
fought [1] - 24:5
four [1] - 24:3
FREY [24] - 2:9, 3:8, 3:16, 6:21, 7:2, 7:6, 7:12, 7:15, 8:9, 8:16, 8:18, 10:13, 10:18, 11:9, 11:14, 11:22, 12:2, 12:18, 13:17, 17:10, 17:13, 18:6, 24:10, 24:15
fully [3] - 4:16, 24:24, 26:3
future [2] - 6:9, 15:8

## G

general [1] - 16:7
given [2] - 5:13, 14:13
grounds [1] - 4:13
guess [1] - 6:23

## H

Hall [1] - 1:16
hand [2] - 8:22, 8:23
handwritten [1] - 9:2
hard [1] - 24:5
hard-fought [1] - 24:5
harken [1] - 22:16
harm [3] - 6:4, 15:4, 16:6
hearing [1] - 25:8
held [1] - 4:4

hereby [1] - 26:2
hold [3] - 3:15, 5:8, 17:5
Honor [17] - 8:21, 9:15, 9:22, 13:7, 14:6, 17:8, 17:22, 19:5, 20:8, 20:11, 20:13, 22:12, 23:20, 24:8, 24:9, 24:10, 24:15
HONORABLE [1] - 1:19
Howard [1] - 17:5

## I

ill [1] - 4:12
ill-will [1] - 4:12
imposition [1] - 16:3
IN [1] - 1:2
INC [1] - 1:12
inclined [1] - 6:19
include [2] - 12:14, 12:18
including [2] - 7:8, 10:15
incorporate [1] - 4:19
indifference [2] - 5:21, 14:21
individually [2] - 19:17, 19:21
Individually [2] - 1:5, 1:7
INERNEY [1] - 1:19
information [6] - 3:20, 8:11, 10:5, 11:13, 11:14, 11:19
injuries [1] - 15:22
insert [2] - 12:21
insofar [2] - 6:7, 15:6
instructions [1] - 16:16
intended [2] - 6:6, 15:5
interest [1] - 5:21
interests [1] - 14:21
issue [4] - 4:9, 7:7, 11:18, 24:24
issues [1] - 4:17

## J

JAMES [1] - 2:8
job [2] - 5:24, 14:24
JOHNSON [1] - 1:9
Johnson [1] - 19:23
Judge [3] - 12:15, 12:24, 25:4

judgment [1] - 3:12
JUDICIAL [1] - 1:2
July [1] - 19:25
JULY [1] - 1:5
jump [1] - 13:17
Juror [11] - 20:17, 20:20, 20:24, 21:4, 21:8, 21:12, 21:16, 21:20, 21:24, 22:4, 22:8
JUROR [12] - 20:19, 20:23, 21:3, 21:7, 21:11, 21:15, 21:19, 21:23, 22:3, 22:7, 22:11, 22:21
juror [2] - 23:8, 23:13
juror's [1] - 23:10
jurors [8] - 5:13, 12:5, 13:25, 20:15, 22:16, 23:21, 23:23, 23:24
jury [22] - 3:24, 4:10, 5:5, 6:12, 9:9, 10:6, 10:9, 10:20, 11:5, 11:17, 14:3, 14:10, 14:13, 15:17, 17:2, 18:23, 18:24, 19:10, 20:13, 20:14, 22:23, 23:18
Jury [2] - 1:19, 18:16
JURY [1] - 14:11

## K

KAREN [1] - 1:5
Karen [1] - 19:17
knowing [4] - 3:18, 3:19, 3:20, 4:24

## L

law [9] - 4:3, 4:4, 7:18, 7:21, 10:9, 10:18, 10:20, 11:21, 11:22
LAW [1] - 2:4
lawyering [1] - 24:5
lawyers [1] - 23:22
least [1] - 19:13
LENDON [1] - 1:6
Lendon [1] - 19:18
liability [3] - 3:25, 4:3, 4:8
liable [1] - 4:4
line [2] - 16:14
listen [1] - 16:18
Locust [1] - 2:5
LYCOMING [1] - 1:11
Lycoming [5] - 2:11, 15:11, 16:13, 19:25,

20:4

## M

malicious [3] - 4:11, 5:19, 14:19
manufacture [1] - 4:5
Market [1] - 2:9
matter [1] - 19:16
mature [1] - 16:19
MC [1] - 1:19
mean [1] - 10:14
means [1] - 26:16
measure [3] - 10:22, 11:15, 16:4
members [3] - 14:9, 14:12, 22:22
million [2] - 20:5, 22:19
mind [1] - 8:25
minute [1] - 17:5
misrepresentation [3] - 3:19, 4:24, 24:18
modify [1] - 5:12
Motion [1] - 5:8
Motions [4] - 3:17, 4:17, 5:9, 24:25
motive [1] - 4:12
MR [34] - 3:4, 4:19, 6:18, 7:17, 7:24, 8:4, 8:7, 8:10, 8:17, 8:20, 8:25, 9:4, 9:8, 9:10, 9:13, 9:22, 10:17, 10:24, 11:13, 12:4, 12:14, 13:6, 13:12, 13:16, 13:20, 17:8, 17:21, 18:14, 20:11, 20:12, 23:20, 24:8, 24:9, 25:4
MS [23] - 3:8, 3:16, 6:21, 7:2, 7:6, 7:12, 7:15, 8:9, 8:16, 8:18, 10:13, 10:18, 11:9, 11:14, 11:22, 12:2, 12:18, 13:17, 17:10, 17:13, 18:6, 24:10, 24:15
must [4] - 6:10, 15:16, 16:5, 16:18

## N

nature [2] - 6:4, 15:3
need [1] - 8:2
needed [1] - 17:6
negligence [1] - 4:23
net [7] - 10:7, 10:22, 11:5, 11:15, 12:11, 12:16, 15:13

never [1] - 11:17
nonsuit [2] - 3:14, 3:16
NOS [1] - 1:12
note [3] - 5:8, 7:3, 7:24
notes [1] - 26:4
nothing [3] - 5:3, 5:6, 17:21
notice [1] - 25:6
notwithstanding [1] - 3:12
number [1] - 20:15

## O

O'CONNOR [1] - 2:8
object [8] - 4:5, 4:6, 4:9, 4:13, 7:8, 11:10, 17:15, 24:21
objection [5] - 3:11, 6:16, 7:3, 7:25, 20:9
objections [2] - 11:23, 24:17
OF [2] - 1:2, 1:2
Official [1] - 26:10
one [12] - 6:3, 7:5, 9:8, 9:10, 9:16, 12:7, 13:7, 15:2, 16:9, 16:11, 17:14, 24:16
opinions [1] - 16:18
oppressive [2] - 5:20, 14:20
order [2] - 5:16, 14:16
outrageous [4] - 5:19, 6:14, 14:19, 15:19

## P

p.m [5] - 14:4, 17:3, 18:21, 18:25, 23:19
PA [2] - 2:6, 2:10
paid [1] - 15:25
part [9] - 3:9, 4:5, 6:12, 8:8, 8:10, 9:24, 15:17, 24:19, 24:20
parties [2] - 15:9, 19:4
passion [2] - 6:11, 15:16
PATRICIA [1] - 1:19
Pause [3] - 9:19, 13:4, 13:23
pending [1] - 5:9
PENNSYLVANIA [1] - 1:2
Pennsylvania [3] - 1:17, 4:3, 10:18
perfectly [1] - 23:23

permissible [1] - 23:24
permitted [1] - 10:19
personal [4] - 1:5, 19:17, 19:19, 19:21
Personal [2] - 1:6, 1:8
phase [1] - 16:24
Philadelphia [3] - 1:17, 2:6, 2:10
phrase [1] - 7:7
plaintiff [3] - 15:21, 16:7, 22:18
plaintiffs [6] - 3:22, 5:23, 6:5, 12:9, 14:22, 15:4
Plaintiffs [2] - 1:10, 2:6
plaintiffs' [1] - 9:12
PLEAS [1] - 1:2
point [3] - 5:3, 7:17, 13:13
poll [2] - 20:12, 20:14
Post [3] - 4:17, 5:9, 24:24
Post-trial [3] - 4:17, 5:9, 24:24
prejudice [2] - 6:11, 15:16
present [3] - 3:23, 14:5, 19:5
presented [1] - 3:18
preserve [3] - 4:16, 8:18, 9:25
presumed [1] - 15:21
previous [1] - 16:17
previously [1] - 5:2
PRIDGEN [2] - 1:5, 1:6
Pridgen [2] - 19:17, 19:18
problem [2] - 10:3, 17:20
proceedings [4] - 9:19, 13:4, 13:23, 26:2
product [1] - 4:8
prohibits [1] - 4:8
proportionate [1] - 16:6
provided [1] - 15:10
punish [8] - 5:16, 6:8, 6:13, 7:9, 7:19, 14:16, 15:7, 15:19
punishment [2] - 16:4, 16:5
punitive [22] - 4:9, 4:24, 5:14, 5:24, 6:13, 7:19, 8:14, 10:3, 10:9, 11:6, 11:18, 11:24, 12:9, 14:14, 14:23, 15:15,

15:18, 15:23, 16:12, 20:3, 22:19, 24:21
punitives [1] - 5:11
purpose [2] - 6:13, 15:18
purposes [2] - 8:12, 8:14
put [3] - 3:8, 3:10, 24:10

## Q

quote [2] - 23:9, 23:13

## R

raise [1] - 11:4
reached [1] - 19:11
read [11] - 6:24, 7:4, 7:22, 8:21, 9:5, 9:6, 9:9, 9:17, 12:10, 12:13, 12:16
reasonable [2] - 5:5, 16:5
recess [2] - 18:8, 18:10
Reciprocating [1] - 2:11
recitation [1] - 7:21
reckless [2] - 5:20, 14:20
record [10] - 3:9, 3:11, 9:11, 9:14, 9:23, 10:4, 13:15, 24:11, 24:13, 24:14
recorded [4] - 20:8, 20:10, 22:14, 22:17
recovered [1] - 16:7
related [1] - 3:21
relevant [2] - 6:7, 15:6
repeating [1] - 4:25
replacement [1] - 24:20
reporter [1] - 26:18
reprehensible [1] - 16:2
representative [3] - 19:18, 19:19, 19:22
Representative [3] - 1:5, 1:6, 1:8
reproduction [1] - 26:15
request [1] - 3:11
required [1] - 10:8
reserve [1] - 24:23
responsible [1] - 16:10
result [2] - 6:11, 15:16

rights [1] - 8:19
rise [14] - 13:25, 16:25, 19:8, 20:17, 20:21, 20:25, 21:5, 21:9, 21:13, 21:17, 21:21, 21:25, 22:5, 23:17
RMR [1] - 26:9
ROBINSON [5] - 2:8, 18:14, 20:12, 23:20, 24:9

## S

sanctions [1] - 16:3
SARA [1] - 2:9
saw [1] - 17:14
scope [1] - 5:4
seated [4] - 3:2, 14:8, 17:12, 19:3
second [3] - 9:10, 9:16, 9:24
see [3] - 9:5, 13:6, 17:6
send [1] - 16:23
service [2] - 22:23, 22:24
session [1] - 18:19
SESSION [1] - 1:21
set [2] - 4:15, 5:6
sheet [3] - 15:10, 16:8, 17:13
Short [1] - 18:10
showing [1] - 8:13
shows [3] - 5:20, 14:20, 15:13
sidebar [2] - 17:7, 17:12
sides [1] - 24:6
signature [1] - 16:14
similar [4] - 5:18, 6:15, 14:18, 15:20
sit [1] - 18:5
slightly [1] - 5:12
slip [5] - 5:14, 14:14, 17:19, 17:22, 18:2
sole [2] - 6:12, 15:18
solely [1] - 10:7
sorry [3] - 6:21, 13:8, 17:4
sounds [1] - 7:23
standard [2] - 7:4, 8:13
standpoint [1] - 10:8
state [2] - 9:15, 20:16
Stenographer [1] - 26:10
still [1] - 11:22
stipulate [1] - 10:21

stipulated [1] - 15:9
stipulation [7] - 3:3, 8:3, 8:20, 9:24, 12:11, 12:22, 13:6
STOLL [16] - 2:5, 3:4, 4:19, 7:17, 7:24, 8:4, 8:7, 8:10, 8:17, 8:20, 8:25, 9:4, 9:8, 13:6, 13:12, 13:20
street [1] - 2:5
Street [1] - 2:9
strict [1] - 4:3
submitted [1] - 8:12
substantial [1] - 4:7
sufficient [5] - 4:22, 8:12, 10:23, 11:6, 11:21
supplemental [3] - 6:20, 6:23, 6:25
supplied [2] - 10:5, 10:6
support [1] - 11:6

**T**

task [2] - 12:7
Term [1] - 19:25
TERM [1] - 1:5
testimony [2] - 11:8, 11:11
Textron [1] - 2:11
TEXTRON [1] - 1:12
THE [98] - 1:2, 2:4, 3:2, 3:7, 3:15, 4:18, 5:7, 6:19, 6:22, 7:5, 7:11, 7:14, 7:16, 7:22, 8:2, 8:6, 8:23, 9:3, 9:5, 9:16, 9:21, 10:12, 11:3, 11:16, 11:25, 12:5, 12:16, 12:20, 12:24, 12:25, 13:2, 13:8, 13:9, 13:10, 13:19, 13:21, 13:25, 14:5, 14:7, 14:11, 14:12, 16:25, 17:4, 17:11, 17:18, 18:2, 18:3, 18:4, 18:7, 18:12, 18:18, 18:23, 19:2, 19:4, 19:6, 19:7, 19:9, 19:10, 19:12, 19:13, 19:15, 19:16, 20:5, 20:6, 20:7, 20:9, 20:14, 20:19, 20:20, 20:23, 20:24, 21:3, 21:4, 21:7, 21:8, 21:11, 21:12, 21:15, 21:16, 21:19, 21:20, 21:23, 21:24, 22:3, 22:4, 22:7, 22:8, 22:11, 22:12, 22:15, 22:16, 22:21, 22:22, 23:17, 23:22, 24:12, 25:2, 25:5
therefore [1] - 4:5
three [3] - 6:6, 13:11, 15:5
throughout [1] - 5:2
top [1] - 9:8
tort [1] - 4:3
transcript [2] - 26:6, 26:15
TRIAL [1] - 1:3
trial [5] - 3:18, 4:17, 5:9, 24:24, 26:4
tried [1] - 24:4
try [1] - 11:4
two [2] - 6:4, 15:3
TYLER [1] - 1:9
Tyler [1] - 19:23

**U**

un-constitutionality [1] - 10:2
unconstitutional [2] - 7:9, 24:23
under [9] - 4:2, 4:3, 5:8, 7:13, 10:9, 10:18, 11:21, 11:22, 26:16
unless [2] - 9:24, 26:16
up [3] - 13:17, 17:5, 23:24

**V**

valid [3] - 10:21, 10:22, 11:15
verdict [36] - 3:11, 3:12, 3:13, 4:14, 4:15, 4:20, 5:14, 14:14, 16:8, 16:21, 17:13, 17:18, 17:22, 18:2, 19:5, 19:11, 20:7, 20:10, 20:16, 20:18, 20:21, 20:25, 21:5, 21:9, 21:13, 21:17, 21:21, 21:25, 22:5, 22:9, 22:13, 22:14, 22:17, 22:20, 24:17
Verdict [1] - 3:17
verified [1] - 15:12
versus [1] - 19:23
vs [1] - 1:10

**W**

wait [2] - 9:16
wanton [2] - 5:20, 14:19
wants [1] - 11:3
warrant [1] - 16:2
wealth [9] - 6:6, 8:14, 10:15, 10:19, 10:21, 10:22, 11:15, 12:19, 15:5
weight [3] - 3:13, 4:14, 24:22
well-tried [1] - 24:4
whole [2] - 6:24, 15:22
willful [2] - 5:20, 14:20
wish [1] - 22:25
withholding [1] - 3:20
witness [1] - 10:10
WOLK [17] - 2:4, 2:4, 6:18, 9:10, 9:13, 9:22, 10:17, 10:24, 11:13, 12:4, 12:14, 13:16, 17:8, 17:21, 20:11, 24:8, 25:4
worth [7] - 10:7, 10:22, 11:5, 11:15, 12:11, 12:17, 15:13
written [1] - 3:6

**Z**

zero [2] - 17:23, 17:24