IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSEPH L. AGOSTINI, et al.     :     CIVIL ACTION
                               :
              v.               :
                               :
PIPER AIRCRAFT CORPORATION,    :
et al.                         :     NO. 11-7172


MEMORANDUM

McLaughlin, J.                              February 29, 2012

        This case was brought by the plaintiffs in the Court of

Common Pleas of Philadelphia County on November 10, 2011, as a

wrongful death and survival action arising from an aircraft

accident occurring near West Palm Beach, Florida, on November 11,

2010 and resulting in the deaths of the plaintiffs' decedents.

The case was removed to this Court on November 16, 2011 on the

basis of diversity jurisdiction.  The plaintiffs have moved to

remand the case to state court for lack of jurisdiction.  The

Court will grant the plaintiffs' motion because it finds that the

defendants have not met their burden of demonstrating that the

defendant AVCO Corporation's principal place of business is not

in Pennsylvania.


I.   Background

        The plaintiffs, Joseph & Suellen Agostini and Douglas &

Sharon Henegar, are citizens of Pennsylvania and Arkansas.  They

have brought claims against the manufacturers of the airplane

involved in the accident and various of its components, sounding

in state law, for strict tort and products liability, breach of warranty, breach of contract, and negligence.

One defendant, Textron, Inc., removed the action to this Court, asserting that complete diversity exists between the parties, and the other defendants consented to removal.  The Notice of Removal asserts that the principal place of business of the defendant AVCO Corporation is in Massachusetts, where AVCO's headquarters is located, and not in Pennsylvania as asserted by the complaint.  The parties do not dispute the citizenship of defendants other than AVCO or that all other defendants are citizens of different states from the plaintiffs.  Resolution of the instant motion thus depends on whether AVCO's principal place of business is located in Pennsylvania or in Massachusetts.

In support of their argument that AVCO's principal place of business is in Massachusetts, the defendants offered the declaration of AVCO's corporate secretary responsible for the maintenance of the governance books and records.  See Declaration of Ann T. Willaman, AVCO Opp. Ex. H ("Willaman Decl.").

Pursuant to that declaration, AVCO avers a number of facts regarding its structure as well as its presence in Massachusetts.  AVCO is a wholly-owned subsidiary of Textron Inc., has an unincorporated operating division (Lycoming Engines),  and wholly owns a number of other subsidiary corporations.  Since AVCO moved from Rhode Island in February,

2011, AVCO's headquarters and administrative offices have been located at 201 Lowell Street, Wilmington, Massachusetts ("201 Lowell").  AVCO keeps its corporate governance and financial books and records at 201 Lowell.  Willaman Decl. ¶¶ 4-7, 10-11.

On May 10, 2011, the most recent Annual Meeting of the Sole Shareholder of AVCO (Textron) was held at 201 Lowell, during which W. Robert Kemp, Frederick M. Strader, and Robert J. Sullivan were elected directors of the corporation.  All three individuals are located in Wilmington, Massachusetts.  On the same date and in the same office, these individuals held a meeting of AVCO's Board of Directors, during which eighteen individuals were elected as officers of AVCO.  Currently, eight officers are located in Wilmington, Massachusetts, three are located in Rhode Island, two are located in Pennsylvania, two are located in Maryland, and one each is located in the District of Columbia and Texas.  The senior officers of AVCO possess the responsibility of setting corporate policy.  AVCO's President, Frederick Strader, or his senior staff must approve business decisions for AVCO and its subsidiaries that exceed a specified dollar amount.  Id. ¶¶ 14-18, 20-27, 29-30.

During the meeting of the Board on May 10, 2011, a resolution was adopted empowering "the President or any Vice President of AVCO" to appoint Lycoming Engines employees to execute documents relevant to the Lycoming business on behalf of

AVCO.  These documents include "contracts, agreements, purchase orders, bids, bonds, applications, reports, certificates, affidavits or other documents or instruments relative to or in connection with any work, property, purchase, contract, service or production of any kind which may be directly or indirectly carried on or performed by the Lycoming Engines Division of the Corporation."  Id. ¶¶ 31-32.  Four officers of the Lycoming Engines division were appointed and given designated as signatories pursuant to the resolution.  Id. Ex. 6.

In their Motion to Remand, the plaintiffs argue that the only business AVCO conducts is through Lycoming Engines in Williamsport, Pennsylvania, and that the activity of the subsidiaries AVCO owns must be ignored for purposes of the determining AVCO's principal place of business.  They argue that the activity AVCO conducts in Massachusetts is largely pro forma and has only consisted of the 2011 board meeting and delegation of power discussed above.  The plaintiffs offer a number of other factual arguments in support of their contention that AVCO's principal place of business is in Pennsylvania.  Among the factual averments that the defendants have not disputed are as follows:

- Lycoming Engines has a physical address of 652 Oliver Street, Williamsport, Pennsylvania, with a number of buildings owned by an entity named Textron Lycoming Williamsport.  Pls.' Mot. Ex. 8.
- At this address is a piston engine plant, which employs the majority of the over four hundred

individuals employed by Lycoming in Pennsylvania.
<u>Id.</u> Ex. 11, 13-14; <u>see also</u> Willaman Decl. ¶ 33.

- The design, manufacture, and shipping of Lycoming piston engines occurs at the Williamsport plant, which is also where AVCO coordinates Lycoming's outside communication, financing, accounting, and intellectual property efforts, among other activities.

- As suggested by the Willaman Declaration, the business of AVCO is "the manufacture, design, . . . and sale of piston engine aircraft. Avco Corporation is also the parent of a number of wholly owned subsidiaries that manufacture a variety of products."  Deposition of Ann T. Willaman, <u>Miller v. Piper Aircraft, Inc.</u>, No. 08-2760, Pls.' Reply Ex. D at 67:21-68:2.

## II. <u>Discussion</u>

The plaintiffs, in their complaint and on their Motion to Remand, assert that the defendant AVCO is a corporation with its principal place of business in Williamsport, Pennsylvania. The defendants argue that AVCO's principal place of business is located in Wilmington, Massachusetts, where its headquarters and many of its senior officers are located.  Because the Court concludes that the actual center of direction, control, and coordination of AVCO's corporate activities is in Pennsylvania, it must remand the action for lack of removal jurisdiction.

A civil action originally brought in state court is removable to federal court on the basis of diversity of citizenship provided that no defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441.  A corporation is considered to be a citizen of its state of incorporation and

the state where it has its principal place of business.  28
U.S.C. § 1332(c)(2).  The burden of persuasion for establishing
diversity jurisdiction rests with the party asserting its
existence.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
375, 377 (1994).

In 2010, the Supreme Court decided Hertz Corp. v.
Friend, which resolved a circuit split and simplified the test to
be applied by a district court determining a corporation's
principal place of business.  130 S. Ct. 1181 (2010).  The Court
rejected the variety of tests developed by federal appellate
courts and adopted a "nerve center" test that looks to the locus
of control of corporate activity, which is "the place where a
corporation's officers direct, control, and coordinate the
corporation's activities."  Id. at 1192.

Although the Court acknowledged that this typically
would be the corporate headquarters, the nerve center must be the
"actual center of direction, control, and coordination . . . and
not simply an office where the corporation holds its board
meetings."  Id.  In addition, "the fact that the word 'place'
follows the words 'State where' [in Section 1332] means that the
'place' is a place within a State.  It is not the State
itself. . . . The metaphor of a corporate 'brain', while not
precise, suggests a single location."  Id. at 1192-93.

The Court acknowledged that there would be "hard cases"

-6-

under such a test, particularly among corporations with far-flung
operations, but that the test it articulated was designed to
simplify a district court's analysis and preclude the weighing of
"functions, assets, or revenues" as under some of the preexisting
circuit tests.  The Court also acknowledged that the nerve center
test might produce peculiar results.  Id. at 1193-94.  As an
example, the Court discussed a hypothetical corporation with
"business activities visible to the public [that] take place in
New Jersey, while its top officers direct those activities just
across the river in New York."  Such a corporation, the Court
noted, would counterintuitively have its principal place of
business in New York, not New Jersey.  Id.

        The defendants argue that this is such a case, and that
although the public may know AVCO primarily through the business
of its Lycoming division, AVCO's business is directed from
Wilmington, Massachusetts, where its senior officers, corporate
headquarters, and administrative offices are located.  The
plaintiffs argue that AVCO's presence in Wilmington is more like
the other hypothetical referred to in Hertz, that of the
corporation engaging in jurisdictional manipulation and whose
"alleged 'nerve center' is nothing more than a mail drop box, a
bare office with a computer, or the location of an annual
executive retreat."  Id. at 1195.

        AVCO bears the burden of producing, by "competent

proof," jurisdictional facts showing that Massachusetts is the state that contains "the place of <u>actual</u> direction, control, and coordination" of AVCO's corporate activities. <u>Hertz</u>, 130 S. Ct. at 1194-95 (emphasis added). Here, AVCO owns several subsidiary corporations[1] but only conducts day-to-day business through its operating division, Lycoming. Under the <u>Hertz</u> test, the relevant issue is the location from where those corporate activities are actually directed, controlled, or coordinated.

The defendants have supported their contention that AVCO's principal place of business is in Wilmington, Massachusetts by presenting facts that demonstrate four main things. First, AVCO's corporate books and records, headquarters, and administrative offices are located at 201 Lowell Street in Wilmington, Massachusetts.[2] Second, a majority of AVCO's senior officers is located in Wilmington, Massachusetts. Third, these

---

[1] The activities of subsidiary corporations are not to be considered in evaluating the principal place of business of their corporate parent. <u>See, e.g.</u>, <u>Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.</u>, 461 F.2d 1140, 1142 (3d Cir. 1972). <u>See also</u> <u>Pyramic Secs. Ltd. v. IB Resolution, Inc.</u>, 924 F.2d 1114, 1120 (D.C. Cir. 1990) (holding that even where the corporate veil is pierced, a subsidiary corporation's activities have no bearing on the parent's citizenship).

[2] The motion papers reveal a dispute between the parties as to what exactly occurs at 201 Lowell, and the defendants argue that the plaintiffs' factual averments on this point should be ignored as obtained in violation of ethical duties. <u>See</u> Defs.' Opp. IV.B. Because the defendants bear the burden of persuasion on this motion and the Court concludes that the defendants have not met that burden, the Court does not consider the plaintiffs' contentions on this issue in reaching its conclusion.

senior officers have the responsibility and power to direct the activities of the corporation.  Finally, the power to direct the operation of Lycoming Engines was delegated by the Board to four officers of that division at a meeting in May, 2011.

The Court cannot conclude on this basis that AVCO's principal place of business is located in Wilmington, Massachusetts.  On the issue of control, the Willaman Declaration makes clear that if the senior executives of AVCO, most of whom "are located" in Massachusetts, elected to override a decision of one of the Lycoming designees, they would have the unfettered discretion to do so.  Mr. Strader, AVCO's President (located in Wilmington, Massachusetts), also has the power to approve or reject corporate decisions exceeding an unnamed dollar amount.

What AVCO has not shown, however, is that any corporate activity has been directed, controlled, or coordinated from Wilmington, Massachusetts.  The corporate activity of AVCO consists of the operation of its Lycoming Engines division.  The operation of Lycoming's business of aircraft piston engine manufacturing, design, and sale is actually coordinated in Williamsport, Pennsylvania.  Thus, AVCO's nerve center--its principal place of business--is located in Pennsylvania.  At oral argument on the motion, counsel for the defendants could not point to any control of AVCO corporate activity actually occurring at 201 Lowell beyond the contentions made in the

-9-

Willaman Declaration.  Tr. Hr'g 2/7/12 at 9-11.

This decision is one of the "hard cases" the <u>Hertz</u> Court warned of in articulating its test.  However, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  <u>In re Briscoe</u>, 448 F.3d 201, 217 (3d Cir. 2006) (internal quotations omitted). Because the defendants have not shown that AVCO's officers engaged in any coordination of corporate activity in Massachusetts other than delegating the power to conduct Lycoming's activities, they have not met their burden of demonstrating that AVCO's principal place of business is located outside Pennsylvania.

The defendants argue that this case is like <u>Central West Virginia Energy Company v. Mountain State Carbon</u>, a case recently decided by the United States Court of Appeals for the Fourth Circuit interpreting <u>Hertz</u>.  636 F.3d 101 (4th Cir. 2011). In <u>Mountain State Carbon</u>, the district court had found that the defendant-appellee, Severstal Wheeling, had its principal place of business in West Virginia, and remanded to state court for lack of diversity jurisdiction.  On appeal, the Fourth Circuit reversed, finding that although nearly all day-to-day decisions were made in West Virginia, seven of the company's eight officers "maintain[ed] their offices in Dearborn Michigan," and were "responsible for significant oversight and strategic decision-

making," locating the company's principal place of business in Michigan.  Id. at 104-05.

Unlike Mountain State Carbon, however, the defendants have not shown that any such exercise of control or direction of corporate activity has been made by AVCO's senior officers, or that such direction or control occurred at a place in Massachusetts.  It is not sufficient to show that AVCO's officers possess the power to do so, or that many "are located in Massachusetts."  See Hertz, 130 S. Ct. at 1192 (a corporation's principal place of business is a place within a state, not the state itself).  Such contentions provide no real support for the notion that AVCO's nerve center is located at 201 Lowell; indeed, the only corporate activity actually occurring there, according to the papers, was a twenty minute board meeting in May 2011.

Because the defendants have not met their burden of proving that AVCO's principal place of business is not in Pennsylvania, the Court will grant the plaintiffs' motion.

An appropriate order shall issue.